MARGARET M. CARRILLO
Name
5761 PIÑON FLATS RD. NW.
ALBUQUERQUE, N.M.
Address
87114

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

19 AUG 14 PM 1:31

CLERK-ALBUQUERQUE /mm

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARGARET M. CARRILLO , Plaintiff
(Full Name)

CASE NO. T4 CV 2019 -08703
(To be supplied by the Clerk)

19 cv 743 JFR

v.

FSC ARROYO VILLAS, LLC
dba/ARROYO VILLAS , Defendant(s)
APARTMENTS ET. AL... AND
BERNALILLO COUNTY HOUSING
DEPT. ET AL...

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A.   JURISDICTION

1)    MARGARET M. CARRILLO , is a citizen of NEW MEXICO
      (Plaintiff)                                  ( State )
      who presently resides at 5761 PIÑON FLATS RD N.W
                        (Mailing address or place of confinement)
      ALBUQUERQUE, NEW MEXICO 87114


2)    Defendant KIM GARCIA is a citizen of
              (Name of first defendant)
      ALBUQUERQUE, NEW MEXICO , and is employed as
              (City, State)
      ARROYO VILLAS ASSISTANT PROPERTY MANAGER . At the time the claim(s)
              ( Position and title, if any)
      alleged in this complaint arose, was this defendant acting under color of state law?
      Yes ☐    No ☑    If your answer is "Yes", briefly explain:

XE-2    2/78    **CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)**

3) Defendant CAROLYN SPARKS _____ is a citizen of

_____ (Name of second defendant)

ALBUQUERQUE, NEW MEX. , and is employed as

(City, State)

DISTRICT MANAGER - ARROYO VILLAS . At the time the claim(s)

( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☐    No ☑    If your answer is "Yes", briefly explain:

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

TITLE (3) III   42 USCS  §§ 12182 (a)(i),
TITLE (3) III   42 USCS   § 2000 a-3 (a)
18 USC § 3161 (h)(7)(B), § 3161(h)(1)(A)
UNITED STATES CONSTITUTION : 14TH AMENDMENT

## B.  NATURE OF THE CASE

1)  Briefly state the background of your case. (FOR MORE DETAILS SEE ATTACHED EXHIBITS)

PLAINTIFF, MARGARET M. CARRILLO SIGNED A ONE (1) YEAR LEASE FOR RENT OF UNIT 405 AT ARROYO VILLAS APARTMENTS WITH LEASE TERM OF 6TH DAY OF AUGUST, 2018 AND ENDS AT MIDNIGHT THE 31ST DAY OF AUGUST, 2019. MONTHLY RENT WAS $798.00. THE PLAINTIFF PAID $331.00 AND COUNTY OF BERNALILLO - STATE OF NEW MEXICO HOUSING DEPARTMENT PAID $467.00 ON A VOUCHER PURSUANT TO SECTION 8. (SEE EXHIBIT F pg 2:10). DEFENDANT HAS BEEN HARASSING PLAINTIFF SINCE SHE MOVED IN AND REQUESTED A HANDICAPPED PARKING SPACE NEAR HER UNIT. ARROYO VILLAS EMPLOYEES (JOANN _____, KIM GARCIA, ADRIANNA GREATHOUSE AND CARLYN SPARKS THREATENED TO HAVE PLAINTIFF EVICTED SEVERAL TIMES ESPECIALLY AFTER PLAINTIFF ASKED FOR REASONABLE ACCOMODATION BY INSTALLING A HANDICAPPED ENTRANCE WAY AND HANDICAPPED BARS IN BATHROOMS. JOANN EVEN FILED A FALSE REPORT WITH SECTION 8 THAT WAS LATER RETRACTED BY CAROLYN SPARKS AND ADRIANNA GREATHOUSE - HOWEVER, LEONETTE ARCHULETA STILL TERMINATED SECTION 8 HOUSING VOUCHER. SECTION 8 MANAGER SAID, "IF YOU WANT YOUR SECTION 8 VOUCHER BACK - TAKE US TO COURT." A PETITION FOR WRIT OF RESTITUTION WAS FILED IN METROPOLITAN COURT. PLAINTIFF FILED A COUNTER SUIT FOR EQUITABLE DAMAGES ($10,000.00) JUDGE ROSEMARIE ALLRED VIOLATED PLAINTIFFS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW - JUDGEMENT AGAINST

XE- 2/7                                    -2-

DEFENDANT ADRIANNA GREATHOUSE IS A CITIZEN OF ALBUQUERQUE, N.M. AND IS EMPLOYED AS ARROYO VILLAS PROPERTY MANAGER

DEFENDANT JOANN DOE (UNK) IS A CITIZEN OF ALBUQUERQUE, N.M. AND IS EMPLOYED AS SECRETARY OF ARROYO VILLAS APARTMENTS

DEFENDANT FSC ARROYO VILLAS LLC IS DBA ARROYO VILLAS APARTMENTS, IS A BUSINESS IN ALBUQUERQUE, NEW MEXICO, LOCATED AT 4701 IRVING BLVD N.W. 87114

DEFENDANT LEONETTE ARCHULETA IS A CITIZEN OF ALBUQUERQUE, NEW MEXICO AND IS EMPLOYED AS SECTION 8 HOUSING SPECIALIST, AT THE TIME(S) OF THE CLAIMS ALLEDGED IN THIS COMPLAINT AROSE WAS THIS DEFENDANT ACTING UNDER COLOR OF STATE

☑ YES
EXPLAIN - EMPLOYED IN STATE OF NEW MEXICO GOVERNMENT AGENCY - COUNTY OF BERNALILLO, STATE OF N.M. HOUSING DEPARTMENT.

DEFENDANT - COUNTY OF BERNALILLO, STATE OF N.M. HOUSING DEPT - LOCATED AT 1900 BRIDGE BLVD SW, ALBUQUERQUE, NEW MEXICO 87105    www.bernco.gov

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1)  Count I: VIOLATION TITLE III 42 USC §§ 12182 (a)(1), 2000 a -3 (a)
CHAPTER 21 CIVIL RIGHTS

(2)  Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

SEE EXHIBIT "G" ATTACHED
CIVIL ACTION FOR PREVENTIVE RELIEF. a) PERSONS AGGRIEVED, INTER-VENTION BY ATTORNEY GENERAL FOR LEGAL REPRESENTATION, COMMENCEMENT OF ACTION WITHOUT PAYMENT OF FEES, COSTS OR SECURITY - WHENEVER ANY PERSON(S) ENGAGED IN ANY ACT PROHIBITED BY § 203 [42 USC § 2000 -2] A CIVIL ACTION FOR PREVENTIVE RELIEF IN APPLICATION FOR PERMANENT OR TEMP. INJUNCTION OR RESTRAINS ORDER OR OTHER ORDER MAY BE INSTATED BI AGGRIEVED FOR PLAINTIFF II BEING DISCRIMINATED IN VIOLATION OF TITLE III 42 USCS §§ 12182 (a)(1) AND 2000a -3 (a).

B)(1)  Count II:
VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW. (BY JUDGE ROSIE L. ALLRED)

(2) Supporting Facts:

SEE EXHIBITS "A" THROUGH "F"
AT TRIAL ON JULY 2, 2019 - JUDGE ROSIE L. ALLRED ARBITRARILY RULED IN FAVOR OF ARROYO VILLAS LLC, WHILE NOT RULING ON A COUNTER SUIT I FILED FOR $10,000.°° - VIOLATED DUE PROCESS AND EQUAL PROTECTION OF LAW - BY NOT ALLOWING ME TO TESTIFY, PRESENT EVIDENCE OR CALL MY WITNESSES.

XE-2 2/78

-3-

C)(1) Count III:

(2) Supporting Facts:

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes [✓]  No ☒ ~~None~~ If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit.

        Plaintiffs: FSC AROYO VILLAS LLC dba / ARROYO VILLAS APARTMENTS

        Defendants: MARGARET CARRILLO

    b) Name of court and docket number:
        BERNALILLO COUNTY METROPOLITAN COURT
        T-4-CV-2019-008703

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? CASE PENDING APPEAL — "SEE EXHIBIT D"

    d) Issues raised: COUNTER SUIT FOR EQUITABLE DAMAGES OF $10,000.⁰⁰ — JUDGE ALLRED DENIED OPPORTUNITY TO PRESENT ISSUES

XE-2   2/78                          — 4 —

e) Approximate date of filing lawsuit: _3-1-2019_

f) Approximate date of disposition: _July 02, 2019_

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ✓  No ☐   If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

FILED A COUNTERSUIT IN METROPOLITAN COURT FOR $10,000.⁰⁰. ALTHOUGH EQUITABLE DAMAGES EXCEEDED $10,000.⁰⁰, THIS IS THE MAXIMUM ALLOWED IN THAT COURT. ADDITIONALLY, METROPOLITAN COURT JUDGE ROSIE LOSCANO ALLRED VIOLATED MY RIGHTS TO DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW. SEE EXHIBITS "A-G"

E.  REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

PERMANENT INJUNCTION AND RESTRAINING ORDER FROM JUDGEMENT BY METRO JUDGE ROSIE LOSCANO ALLRED, AWARDED EQUITABLE DAMAGES AS WELL AS PUNITIVE DAMAGES CAUSED DIRECTLY OR INDIRECTLY BY ALL NAMED DEFENDANTS

WHATEVER MONETARY DAMAGES THE COURT DEEMS ACCORDINGLY IN THE INTERESTS OF JUSTICE.

_____
Signature of Attorney (if any)

_____
Signature of Petitioner

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

THIS INSTRUMENT WAS ACKNOWLEDGED BEFORE ME ON AUGUST 14, 2019 BY MARGARITA CARRILLO.

Attorney's full address and telephone number.

XE-2    2/78



Official Seal
MARY GRACE A REYES
Notary Public
State of New Mexico
My Comm. Expires 02/20/23

- 5 -

_Mary Grace A. Reyu_
NOTARY PUBLIC

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at _____ on _____ 20_19_.

              (Location)                         (Date)

▶ *Margarita Carillo*
           (Signature)

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

SIGNED OR ATTESTED BEFORE ME ON AUGUST 14, 2019

BY MARGARITA CARILLO.

*Mary Grace W. Reyes*
NOTARY PUBLIC



Official Seal
MARY GRACE A REYES
Notary Public
State of New Mexico
My Comm. Expires 02/20/23

## State of New Mexico - Motor Vehicle Division
## Certificate of Vehicle Registration

JS        02E        20190430

| Reg Exp Date | Vehicle Classification | License Number | Audit number |
|---|---|---|---|
| 4/30/2021 | PASSENGER VEHICLE | HP4171 | 014280466 |

| D.G.V.W | Vehicle Identification Number | Make |
|---|---|---|
| 0 | 3FA6P0H92GR156839 | FORD |

| Fees Paid | WT/Wheels | Yr/Model | Body Type | Cyls | Series |
|---|---|---|---|---|---|
| 122.00 | 3431 | 2016 | 4D | 4 | FUSION |

Signature - Owner Must Sign

*Margaret Carrillo*

**OWNER AFFIRMS FINANCIAL RESPONSIBILITY AS DEFINED IN THE MANDATORY FINANCIAL RESPONSIBILITY ACT.**

Registered Owner Name and Address

MARGARET CARRILLO
5761 PINON FLATS RD NW
ALBUQUERQUE NM 87114-4863

THIS CERTIFICATE AND EVIDENCE OF FINANCIAL RESPONSIBILITY MUST BE AVAILABLE WHILE VEHICLE IS IN USE.    MVD-10248 REV 09/16

(1) MAKE SURE THE LICENSE PLATE NUMBER PRINTED ON THE STICKER MATCHES THE LICENSE PLATE YOU ARE APPLYING STICKER TO. BE SURE THAT PLATE IS CLEAN, DRY, AND WARM. DO NOT MOISTEN EITHER THE PLATE OR THE STICKER.

(2) REMOVE STICKER FROM PAPER BY LIFTING A CORNER AND PEELING THE STICKER AWAY FROM THE BACKING.

(3) APPLY TO LOWER RIGHT DEPRESSION ON REAR LICENSE PLATE. (TOP CENTER DEPRESSION FOR MOTORCYCLE PLATES)

(4) RUB OR PRESS DOWN FIRMLY AROUND ALL EDGES.

MARGARET CARRILLO
5761 PINON FLATS RD NW
ALBUQUERQUE NM 87114-4863

PLAINTIFF
MARGARET M. CARRILLO

# ExHIBIT

# A

MOTION FOR Temporary
or Permanent INJUNCTION
AND RESTRAINING ORDER
(42 USCS § 12182(a)(1)
2000 a-3(a)

EX. A

MARGARET CARRILLO
4701 IRVING BLVD NW
APT 405
ALBUQUERQUE, NM. 87114
(505) 507-4153
DEFENDANT IN PRO PER

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
METROPOLITAN COURT

FSC ARROYO VILLAS LLC
DBA ARROYO VILLAS APARTMENTS,
PLAINTIFF,

VS~

MARGARET CARRILLO,
DEFENDANT IN PRO PER

COURT
STAMP

CASE # T4CV2019-08703

DATE JULY 2, 2019

MOTION FOR TEMPORARY INJUNCTION AND RESTRAINING ORDER (42 USCS §§ 12182 (a) (1) 2000 a-3 (a)
ROSEMARIE ALLRED
DIVISION XVIII

TITLE III OF AMERICANS WITH DISABILITIES ACT

COMES NOW, MARGARET M. CARRILLO, DEFENDANT IN THE ABOVE ENTITLED ACTION, HEREBY MOVES THIS COURT FOR A PERMANENT OR TEMPORARY INJUNCTION OR/AND A RESTRAINING ORDER AGAINST THE PLAINTIFF AND AGAINST THE ORDER AND WRIT OF RESTITUTION, ARBITRARILY ISSUED BY METROPOLITAN JUDGE ROSEMARIE ALLRED. ON JULY 02, 2019.

DEFENDANT, MARGARET CARRILLO IS A 72 YEAR OLD, TOTALLY DISABLED, WIDOW. HER DISABILITY STEMS FROM BEING MOBILITY

IMPAIRED, DUE TO SEVERE CHRONIC OSTEO-ARTHRITIS OF THE KNEES - BILATERALLY. THE DEFENDANT IS IN NEED OF A TOTAL KNEE REPLACEMENT BILATERALLY. HOWEVER, SHE IS NOT A CANDIDATE FOR SURGERY, DUE TO ADVANCED CHRONIC OBSTRUCTIVE PULMONARY DISEASE (COPD), REQUIRING SUPPLEMENTAL OXYGEN THERAPY AT ALL TIMES. ADDITIONALLY, SHE SUFFERS FROM SLEEP APNEA REQUIRING THE USE OF A BI-PAP DURING SLEEP. TO COMPLICATE THINGS MORE, THE DEFENDANT SUFFERS FROM AN INOPERABLE TORN ROTATOR CUFF, PTSD, DEPRESSION AND BENIGN PROXISMAL POSITIONAL VERTIGO (BPPV), WHICH CAUSES HER TO BECOME DIZZY, WHICH MAKES HER SUSCEPTABLE TO FALLS. ALL OF THESE CONDITIONS CAN BE VERIFIED UPON REVIEW OF HER MEDICAL RECORDS.

THE DEFENDANT WAS THE HOLDER OF A 'SECTION 8' HOUSING VOUCHER, WHICH WAS ACCEPTED BY THE PLAINTIFF AND DEFENDANT WAS GIVEN A ONE YEAR LEASE AT ARROYO VILLAS APARTMENTS — UNDER PUBLIC HOUSING REGULATIONS. ARROYO VILLAS APARTMENTS ILLEGALLY FILED FOR A WRIT OF RESTITUTION WITH METROPOLITAN COURT AND OBTAINED A

Pg 2

JUDGEMENT AGAINST THE DEFENDANT BY A BIASED JUDGE WHO VIOLATED THE DEFENDANTS CONSTITUTIONAL RIGHTS TO DUE PROCESS. THE DEFENDANT ON SEPERATE MOTION FILED FOR AN APPEAL OF THE JUDGEMENT, MOTION FOR A NEW TRIAL AND MOTION TO RECUSE JUDGE ROSEMARIE ALLRED.

IT APPEARS THAT THE PLAINTIFF BECAME DISGRUNTLED AND UNHAPPY WHEN THE DEFENDANT ASKED FOR A HANDICAPPED PARKING NEAR HER UNIT, AND HANDICAPPED BARS IN HER APARTMENT WHEN HER PHYSICAL CONDITION WORSENED. MANAGEMENT CLAIMED THAT THEY WERE NOT GOING TO PAY THE COSTS FOR THE HANDICAPPED ACCOMODATIONS. MANAGEMENT ALSO WOULD NOT PROVIDE AN A.D.A. APPROVED PARKING SPACE. THEY SIMPLY PAINTED A HANDICAPPED SIGN ON A REGULAR PARKING SPACE — AND FURTHER STATED THAT THE SPACE WAS NOT RESERVED FOR DEFENDANT. THE PLAINTIFF MADE IT VERY CLEAR THAT THEY WERE NOT WILLING TO MAKE THE REASONABLE ACCOMODATIONS, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT. PLAINTIFF EXACERBATED THIS VIOLATION BY HARRASSING THE DEFENDANT UP TO AND INCLUDING FILING FOR A WRIT OF RESTITUTION, WHICH WAS ILLEGALLY GRANTED.

Pg 3 of

1) THE DEFENDANT WILL SUFFER IRREPARABLE INJURY UNLESS AN INJUNCTION ISSUES. AS PREVIOUSLY STATED, THE DEFENDANT IS SEVERLY PHYSICALLY DISABLED AND RECEIVES A FIXED INCOME OF LESS THAN $1500.00 PER MONTH. DEFENDANT LOST HER 'SECTION 8' HOUSING VOUCHER, DUE TO ALLEDGED VIOLATIONS REPORTED TO THE MANAGER OF THE HOUSING AUTHORITY, THEN LATER RECANTED BY MANAGEMENT OF THE ARROYO VILLAS APARTMENTS - PLAINTIFF. DUE TO THE FALSE ALLEGATIONS OF THE PLAINTIFF, DEFENDANT COULD NO LONGER AFFORD THE RENT WITHOUT 'SECTION 8' ASSISTANCE. DEFENDANT SIMPLY CANNOT AFFORD TO MOVE ON SUCH SHORT NOTICE, AND WOULD BE FORCED TO BE HOMELESS.

2) THE THREATENED INJURY TO THE DEFENDANT CLEARLY OUTWEIGHS THE ALLEDGED DAMAGES TO THE PLAINTIFF, WHICH AMOUNTS TO THE EQUITABLE FIGURE OF A MERE $1352.00. THE EQUITABLE DAMAGE TO THE DEFENDANT AMOUNTS TO $10,000.00 plus, THE DANGER THE DEFENDANT WILL INCUR ABSENT THE INJUNCTION.

3) THE INJUNCTION, IF ISSUED WOULD NOT BE ADVERSE TO THE PUBLIC INTEREST. ON THE VIOLATIONS OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW, THE DEFENDANT HAS SUFFERED AT THE HAND OF THE PLAINTIFF AND AT THE HAND OF

Pg 4 of

TRIAL METROPOLITAN JUDGE ROSEMARIE ALLRED, WHEN THE JUDGE FAILED TO BE IMPARTIAL BY NOT ALLOWING THE DEFENDANT TO DEFEND HER CASE OR EVEN TESTIFY OR PRESENT EVIDENCE. DEFENDANTS COUNTER SUIT FOR HARASSMENT WITH DAMAGES OF $10,000.00 WAS COMPLETELY IGNORED, LEFT WITHOUT A RULING. THE PRESIDING JUDGE ALLRED CLEARLY ABUSED HER POWER AND DISCRETION, EXACERBATED BY A WRIT OF RESTITUTION AND JUDGEMENT AGAINST THE DEFENDANT. THIS TYPE OF ACTION AND DEMEANOR BY A JUDGE CANNOT BE TOLERATED. A SEPERATE COMPLAINT WITH THE DISCIPLINARY BOARD OF NEW MEXICO HAS ALSO BEEN FILED.

4) FOR ALL OF THE AFOREMENTIONED, AND MOTION FOR RECUSATION OF JUDGE ALLRED PLUS MOTION FOR A NEW TRIAL INCLUDING A DIRECT APPEAL. THE DEFENDANTS LIKELYHOOD OF BEING MERITORIOUS OF THE MERITS OF THE CASE ARE EXTREMELY GREAT. (ZURN CONSTRUCTORS, INC. V. B.F. GOODRICH Co., 685 F. Supp. 1172, 1180 (D. KAN. 1988) U.S. DIST- LEXIS 2836.)

IN CONCLUSION, THE DEFENDANT PRAYS FOR A PERMANENT OR TEMPORARY INJUNCTION AND A RESTRAINING ORDER ISSUED, IN THE INTERESTS OF JUSTICE.

RESPECTFULLY,

(MARGARET M. CARRILLO) propper

Pg 5

PLAINTIFF

MARGARET M. CARRILLO

# EXHIBIT

# B

MOTION TO VACATE
AND RESET TRIAL
AND EXTEND THE TIME
FOR FILING OF PRE-TRIAL
MOTIONS

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
METROPOLITAN COURT

FSC
ARROYO VILLAS LLC
DBA / ARROYO VILLAS APTS.,
PLAINTIFF/
PETITIONER

VS ~

MARGARET CARRILLO
AND ALL OTHER OCCUPANTS,
DEFENDANT/
RESPONDANT

DATE:
CASE NO. T4CV2019-08703

MOTION TO VACATE AND
RESET TRIAL AND EXTEND
THE TIME FOR FILING OF
PRE-TRIAL MOTIONS.

HONORABLE ROSEMARIE ALLRED

DIVISION  XVIII

COMES NOW DEFENDANT/RESPONDANT MARGARET CARRILLO, IN PRO PER, PURSUANT TO THE RULES OF COURT, FOR HER MOTION TO VACATE AND RESET TRIAL, AND EXTEND THE TIME FOR FILING OF PRE-TRIAL MOTIONS, TO STATE:

• TRIAL FOR THIS MATTER IS SET FOR JULY 02, 2019 AT 0900 HOURS.

• MS. CARRILLO IS 72 YEARS OLD AND DISABLED WITH RESPIRATORY AND MOBILITY IMPAIRMENT

Pg 01 OF 3

- DEFENDANT/RESPONDANT WOULD BE ACTIVELY SEEKING LEGAL COUNSEL TO REPRESENT HER IN THIS MATTER AND PERHAPS ENTERTAIN PRETRIAL NEGOTIATION, DEFERRING THE FILING OF MOTIONS OF DISCOVERY AND CERTAIN OTHER ISSUES, PENDING A POSSIBLE, MORE EXPEDITIOUS RESOLUTION, ALL IN RESPECT TO THEIR CONTRACT AND RESPONSIBILITY TO RESPECT JUDICIAL ECONOMY. (FED. R. CRIM. P. 11(c), 10 USC § 3161 (h)(1)(G), FED. R. EVD. 410, MISSOURI V. FRYE, NO. 10-444 (3/22/12 S.COURT, LAFLER V. COOPER, NO. 10-209 (3/22/12 S. COURT).

- IT MAY BE NECESSARY FOR PRE-TRIAL MOTIONS TO BE FILED, FURTHER NEGOTIATION TO OCCUR AND ADDITIONAL TIME, ESSENTIAL TO BRING THE MATTER FORWARD TO ALTERNATIVE RESOLUTION OR TRIAL.

- PURSUANT TO 18 USC § 3161 (h)(7)(B), FAILURE TO GRANT THE REQUEST OF CONTINUANCE WOULD DENY THE DEFENDANT/RESPONDENT OPPORTUNITY FOR RETAINING LEGAL COUNSEL, ESSENTIAL INVESTIGATION, NEGOTIATION, AND IMPORTANT HEARINGS, TAKING INTO ACCOUNT THE EXERCISE OF DUE DILIGENCE, AND WOULD LIKELY RESULT

Pg 2 OF 3

IN A MISCARRIAGE OF JUSTICE, AND PER NEW MEXICO STATE STATUTE AND 18 USC § 3161 (h)(7)(A), AND THE ENDS OF JUSTICE SERVED BY GRANTING THE CONTINUANCE OUTWEIGH THE INTERESTS OF THE PLAINTIFF AND THE DEFENDANT IN A SPEEDY TRIAL.

• FOR GOOD CAUSE SHOWN ABOVE, THE DEFENDANT SUGGESTS AND PRAYS FOR AN ORDER EXTENDING ALL PRE-TRIAL DEADLINES AND THE TRIAL DATE EIGHT WEEKS (60 DAYS)

• THE NEED FOR DISCOVERY TO BE REVIEWED BY THE DEFENDANT AND THE FILING OF A COUNTER SUIT FOR HARASSMENT AND INTIMIDATION BY THE PLAINTIFF OR THEIR DESIGNEE.

WHEREFORE, FOR GOOD CAUSE SHOWN ABOVE, DEFENDANT PRAYS FOR AN ORDER OF THE COURT TO VACATE AND RESET TRIAL AND EXTEND TIME FOR FILING COUNTER SUIT/COMPLAINT, AND PRETRIAL MOTIONS.

RESPECTFULLY SUBMITTED

MARGARET CARRILLO ▶

DEFENDANT IN PROPER

Pg 3 OF 3

ENDORSED

**FILED IN THIS OFFICE**

MONDAY, JULY 01, 2019

9:03 AM

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
IN THE METROPOLITAN COURT

FSC ARROYO VILLAS LLC                        DOING BUSINESS AS ARROYO VILLAS
                                             APARTMENTS

Plaintiff,

v.                                           Case No. T-4-CV-2019-008703

MARGARET CARRILLO

Defendant.

## ORDER ON MOTION FOR CONTINUANCE

THIS MATTER having come before the Court on a Motion for Continuance and the Court

being otherwise fully advised in the premises FINDS that the Motion is not well taken.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** the Motion is denied.
The Defendant may appear telephonically by calling 505.841.9862 at the date and time of hearing.

_____
Rosie Lazcano Allred
Metropolitan Court Judge

I hereby certify that on 7/1/2019, I
mailed to the plaintiff(s) or their counsel and
mailed to the defendant(s) or their counsel
a copy of the forgoing pleading.

Justina H.
Judicial Specialist II

*CV-178 Order for Continuance (rev. 02/08;3/17)*
*For Use with CV-177 Motion for Continuance*

PLAINTIFF

MARGARET M. CARRILLO

EXHIBIT

C

MOTION FOR

A NEW TRIAL

MARGARET CARRILLO
4701 IRVING BLVD. NW
APT. 405
ALBUQUERQUE NM 87114
(505) 507-4153
DEFENDANT IN PRO PER

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
METROPOLITAN COURT

FSC ARROYO VILLAS LLC
DBA - ARROYO VILLAS APARTMENTS
          PLAINTIFF / PETITIONER

VS~

MARGARET CARRILLO
          DEFENDANT / RESPONDENT

CASE # T4CV2019-08703

DATE JULY 2, 2019

MOTION FOR A NEW TRIAL

JUDGE ROSEMARIE ALLRED
DIVISION XVII

I MARGARET CARRILLO, DEFENDANT IN THE ABOVE ENTITLED ACTION, HEREBY MOVES THIS MOST HONORABLE COURT FOR AN ORDER GRANTING A NEW TRIAL. A JUDGEMENT WAS ENTERED AGAINST THE DEFENDANT IN THIS COURT ON JULY 02, 2019. DURING THESE PROCEEDINGS, THE COURT VIOLATED THE DEFENDANTS DUE PROCESS OF LAW, WHICH IS PROTECTED BY THE 14TH AMMENDMENT WHERE," NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILIGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY, WITHOUT

ALTHOUGH THE DEFENDANT DID IN FACT PAY THE RENT FOR JUNE BEFORE THE DUE DATE SUPPORTED BY VIDEO PROOF THAT SUCH RENT WAS IN FACT PAID. HOWEVER, AS PREVIOUSLY STATED, DEFENDANT WAS NOT ALLOWED TO TESTIFY OR INTRODUCE EVIDENCE PROVING THAT THE RENT WAS PAID. ALBIET NOT GIVEN A RECEIPT UPON DEMAND. THIS BRINGS TO LIGHT THAT SINCE DEFENDANT DID NOT ANTICEPATE AN INFLATED RENTAL PAYMENT WHEN 'SECTION 8' MANAGER CANCELED HER ALLOTTED ASSISTANCE. THEREFORE, THE ORDER FOR PAST RENT IS NOT ONLY NOT ENFORCEABLE BY LAW, IT WOULD ALSO CAUSE IRREPAIRABLE HARM, DUE TO THE DEFENDANT BEING INDIGENT, TOTALLY DISABLED AND THE HIGHER RENTAL PAYMENT WAS DUE TO CIRCUMSTANCES BEYOND HER CONTROL. CINCINNATI METRO HOUSING AUTHORITY V. GREEN, 41 OHIO APP 3d 365, 536 N.E. 2d (1987).

A NOTICE OF APPEAL HAS ALREADY BEEN FILED IN A TIMELY MANNER, ON A SEPERATE NOTICE OF APPEAL. DEFENDANT ALSO INTENDS TO FILE ON SEPERATE MOTION, A MOTION TO RECUSE JUDGE ROSEMARIE ALLRED FROM ANY FURTHER PROCEEDING IN THIS CASE, DUE TO ARBITRARY ABUSE OF DISCRETION

DUE PROCESS OF LAW: NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS (AMENDMENT XIV [1868].

THERE ARE TWO ASPECTS: PROCEDURAL, IN WHICH A PERSON IS GUARANTEED FAIR PROCEDURES AND SUBSTANTIVE WHICH PROTECTS A PERSON'S PROPERTY FROM UNFAIR GOVERNMENTAL INTERFERENCE OR TAKING, SUCH DUE PROCESS OF LAW IN ITS REGULAR COURSE OF ADMINISTRATION THROUGH COURTS OF JUSTICE. DUE PROCESS OF LAW IN EACH PARTICULAR CASE MEANS SUCH AN EXERCISE OF THE POWERS OF THE GOVERNMENT AS THE SETTLED MAXIMS OF LAW PERMIT AND SANCTION, AND UNDER SUCH SAFEGUARDS FOR THE PROTECTION OF INDIVIDUAL RIGHTS OF THE DEFENDANT. PROCEEDINGS MUST BE CONDUCTED ACCORDING TO ESTABLISHED RULES OF COURT AND PRINCIPALS.. TO GIVE SUCH PROCEEDINGS ANY VALIDITY, THERE MUST BE AN UNBIASED JUDICIARY OFFICER OR JUDGE COMPETENT BY THEIR ACTIONS ACCORDING TO RULES OF COURT AND DUE PROCESS OF LAW. (PENNOYER V. NEFF, 95 US. 733, 24 L.E.D. 565.

DUE PROCESS OF LAW IMPLIES THE RIGHT OF THE PERSON AFFECTED TO BE HEARD BY TESTIMONY OR OTHERWISE, AND TO HAVE THE RIGHT OF CONTROVERTING, BY PROOF, EVERY MATERIAL FACT WHICH BEARS ON THE QUESTION OF RIGHT

IN THE MATTER INVOLVED, IF ANY QUESTION OF FACT OR LIABILITY BE CONCLUSIVELY PRESUMED AGAINST THE DEFENDANT, THAT IS NOT DUE PROCESS OF LAW.

THE PROCEEDINGS OF JULY 02, 2019 WERE NOT ORDERLY, IN WHICH THE DEFENDANT - MARGARET CARRILLO WAS NOT GIVEN THE SLIGHTEST OPPORTUNITY TO BE HEARD AND TO ENFORCE AND PROTECT HER RIGHTS BEFORE AN UNBIASED NEUTRAL COURT, HAVING POWER TO HEAR AND DETERMINE THE CASE. NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY OR OF ANY RIGHT GRANTED HER BY STATUTE, UNLESS A TRIAL IS GRANTED ACCORDING TO ESTABLISHED RULES REGULATING JUDICIAL PROCEEDINGS

THE CONCEPT AS IT IS EMBODIED BY THE 5th AMENDMENT DEMANDS THAT A COURT PROCEEDING OR LAW SHALL NOT BE UNREASON- ABLE, THE PROCEEDINGS IN THIS INSTANT CASE WERE EGREGIOUSLY ARBITRARY AND CAPRICIOUS. THE JUDICIARY OFFICER WHO RULED ON THIS CASE USED HER ARBITRARY POWER TO RULE AGAINST THE DEFENDANT. FOR THIS REASON A MOTION IS SEPERATELY FILED FOR RECUSATION OF THE JUDGE WHO PRESIDED OVER THE JULY 02, 2019 PROCEEDINGS, ON SEPERATE MOTION FROM THE DEFENDANT. A FUNDAMENTAL REQUISITE IS THE OPPORTUNITY TO BE HEARD, AND TO MAKE AN

INFORMED CHOICE WHETHER TO ACQUIESCE OR CONTEST DUE TO THE DEFENDANTS CONTRACT, OR LEASE CAUSING ESTOPPEL BY CONTRACT. ASIDE FROM ALL ELSE, "DUE PROCESS" MEANS FUNDAMENTAL FAIRNESS.

DEFENDANT WAS ALSO DAMAGED BY NOT HAVING PROCEDURAL DUE PROCESS, IN WHICH THE DEFENDANT HAS A RIGHT TO COUNSEL APPOINTED FOR ONE WHO IS INDIGENT, THE RIGHT TO A COPY OF A TRANSCRIPT, THE RIGHT OF CONFRONTATION, ALL OF WHICH ARE SPECIFICALLY PROVIDED FOR IN THE 6th AMENDMENT AND MADE APPLICABLE TO THE STATES PROCEDURE BY THE 14th AMENDMENT.

THE JUDGE CLEARLY ABUSED HER DISCRETION WHEN SHE ORDERED THE DEFENDANT TO PAY BACK RENT AND IMPOSED OTHER EQUITABLE JUDGEMENTS. IN CASES INVOLVING PUBLIC HOUSING OR 'SECTION 9', IT IS EQUITABLE DEFENSE ON EVICTION FOR FAILURE TO PAY BACK RENT IS DUE TO THE DEFENDANT BEING INDIGENT AND TOTALLY DISABLED AND THEREFOR UNABLE TO PAY. (MAXTON HOUSING AUTHORITY V. MCLEAN 313 N.C. 277, 328 S.E 2d 290 (1985)). NON PAYMENT OF RENT WAS DUE TO CIRCUMSTANCES BEYOND HER CONTROL. DUE TO SECTION 8 ILLEGALLY CANCELING HER VOUCHER FOR ASSISTANCE,

FOR THE AFOREMENTIONED REASONS AND POINTS WITH AUTHORITIES, DEFENDANT HEREBY PRAYS FOR AN ORDER GRANTING A NEW TRIAL, ADDITIONALLY, DEFENDANT REQUESTS AND DOES NOT OBJECT TO SAID TRIAL BEING HELD IN THE COURT ADDRESSING THE DIRECT APPEAL, WHICH IS THE NEW MEXICO DISTRICT COURT, AT WHICH TIME THE COURT MAY ADDRESS THE ISSUES OF THIS CASE, INCLUDING THE COUNTER SUIT AGAINST THE PLAINTIFF FOR HARRASSMENT AND EQUITABLE DAMAGES OF $10,000.⁰⁰ PLUS ANY OTHER EQUITABLE RELIEF THE COURT ISSUES IN THE ~~FINER~~ INTERESTS OF JUSTICE.

RESPECTFULLY SUBMITTED

/s/ MARGARET M. CARRILLO

MARGARET M. CARRILLO

DEFENDANT IN PRO PER

COPIES SENT TO:

ARROYO VILLAS APARTMENTS

4701 IRVING BLVD N.W

ALBUQUERQUE, NM  87104

NEW MEXICO DISTRICT COURT

400 LOMAS BLVD NW

ALBUQUERQUE, NM  87102

PLAINTIFF

MARGARET M. CARRILLO

EXHIBIT

D

NOTICE of APPEAL
WITH PROOF OF SERVICE
BY MAIL

| ATTORNEY OR DEFENDANT WITHOUT ATTORNEY (NAME, ADDRESS) MARGARET CARRILLO 4701 IRVING BLVD NW APT 405 ALBUQUERQUE, NM 87114 | RESERVED FOR CLERKS FILE STAMP |
|---|---|
| ARROYO VILLAS APARTMENTS (OFFICE) 4701 IRVING BLVD NW ALBUQUERQUE, NM 87114 | |
| DEFENDANT: MARGARET CARRILLO | |
| PROOF OF SERVICE BY MAIL | CASE # T4CV2019-08703 |

1). I AM OVER THE AGE OF 18 AND NOT A PARTY TO THIS ACTION.

2. I SERVED THE FOLLOWING, NOTICE OF APPEAL.

3. I SERVED A COPY OF THE DOCUMENTS ON 07/02/2019 AS FOLLOWS,
(DATE)

☑ BY MAIL; I SERVED THE DOCUMENTS BY ENCLOSING THEM IN AN ENVELOPE AND DEPOSITING THE SEALED ENVELOPE WITH THE UNITED STATES POSTAL SERVICE WITH THE POSTAGE FULLY PREPAID TO THE PERSON(s) SHOWN BELOW,

ARROYO VILLAS APARTMENTS (OFFICE)
4701 IRVING BLVD NW
ALBUQUERQUE, NM 87112

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
METROPOLITAN COURT DIV. XVIII
ALBUQUERQUE, NM 87102

4. I AM;

☑ NOT A REGISTERED NEW MEXICO PROCESS SERVICE.

5. MY NAME, ADDRESS, TELEPHONE NUMBER,
MICHAEL J NISSEN
1025 WALKER NE
ALBUQUERQUE, NM 87112

6. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF NEW MEXICO THAT THE FOLLOWING IS TRUE AND CORRECT.

DATE: 07/02/2019

MICHAEL J NISSEN
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

Michael J Niss
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

PROOF OF SERVICE BY MAIL

MARGARET CARRILLO
4701 IRVING BLVD NW
APT 405
ALBUQUERQUE, N.M. 87114
DEFENDANT IN PRO PER
(505) 507-4153

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
METROPOLITAN COURT.

CASE #

**T4CV2019-08703**

FSC ARROYO VILLAS LLC
DBA - ARROYO VILLAS APARTMENTS,
        PLAINTIFF / PETITIONER

VS ~

MARGARET CARRILLO,
        DEFENDANT / RESPONDENT

DATE: JULY 02, 2019

NOTICE OF APPEAL

JUDGE ROSEMARIE ALLRED
DIVISION    XVIII

COMES NOW THE DEFENDANT, MARGARET M. CARRILLO, PRO PER, AND HEREBY GIVES NOTICE OF APPEAL FROM THE JUDGEMENT AND SENTENCE / **ORDER** IMPOSED BY THIS COURT ON JULY 02, 2019, IN THE INTERESTS OF JUSTICE, A STAY OF EXECUTION IS REQUESTED UNTIL FINAL ADJUDICATION OR THE GRANTING OF A NEW TRIAL IN THIS MATTER, DUE TO VIOLATIONS OF DUE PROCESS OF LAW, TO WIT, DEFENDANT WAS NOT ALLOWED TO CROSS EXAMINE OR CALL WITNESSES, PRESENT EVIDENCE IN FAVOR OF THE DEFENSE, AND HAVING NO OPPORTUNITY TO ADDRESS THE COUNTER SUIT FILED

Pg 1 9 2

AGAINST THE PLAINTIFF FOR HARASSMENT. IF A NEW TRIAL IS ORDERED - TRIAL BY JURY IS REQUESTED. ADDITIONALLY, A TAPE RECORDING IS REQUESTED FOR ALL PROCEEDINGS

RESPECTFULLY SUBMITTED THIS 2ND DAY OF JULY, 2019.

Margaret M. Carrillo /s/

MARGARET M. CARRILLO
DEFENDANT IN PRO PER

COPIES MAILED THIS 2ND DAY OF JULY, 2019, TO EACH OF THE FOLLOWING:

ARROYO VILLAS APARTMENTS (OFFICE)
4701 IRVING BLVD. NW
ALBUQUERQUE, N.M. 87114

METROPOLITAN COURT
DIVISION XVIII
401 LOMAS BLVD. N.W.
ALBUQUERQUE, N.M. 87102

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
DISTRICT COURT APPEALS DIV.
APPEALS DIVISION
400 LOMAS BLVD NW
ALBUQUERQUE, NM 87102

P. 2 of 2

PLAINTIFF

MARGARET M. CARRILLO

# EXHIBIT

# E

MOTION TO RECUSE
A JUDICIARY JUDGE
ROSIE LAZCANO ALLRED
METROPOLITAN COURT

MARGARET CARRILLO
4701 IRVING BLVD NW APT 405
ALBUQUERQUE, NM 87114
(505) 507-4143
DEFENDANT IN PRO PER

STATE OF NEW MEXICO

COUNTY OF BERNALILLO

METROPOLITAN COURT

COURT USE STAMP

CASE #
T4CV 2019 - 08703

FSC ARROYO VILLAS LLC
DBA - ARROYO VILLAS APARTMENTS,
PLAINTIFF / PETITIONER

DATE: JULY 02, 2019

VS ~

MARGARET CARRILLO
DEFENDANT / RESPONDENT

MOTION TO RECUSE
A JUDICIAY JUDGE
(JUDGE)
ROSEMARIE ALLRED
DIVISION XVIII

I, MARGARET CARRILLO, DEFENDANT IN THE ABOVE ENTITLED ACTION, MOVES THE COURT TO GRANT AN ORDER OF RECUSATION OF JUDGE ROSEMARIE ALLRED.

JUDGE ALLRED PRESIDED OVER A TRIAL ON JULY 02, 2019 IN A BIASED AND ARBITRARY MANNER. METROPOLITAN JUDGE ROSEMARIE ALLRED HAS DEMONSTRATED THAT SHE IS DELIBERATELY WILLING TO DENY DUE PROCESS OF LAW. JUDGE ALLRED FAILED TO BE IMPARTIAL AND CLEARLY SHOWED AN ABUSE OF DISCRETION AND POWER WHEN JUDGE ALLRED FAILED TO (DAVIS V. DEUTSCHE BANK NATIONAL TRUST CO. 2016 DIST. LEXIS 175071 (D. COLO. DEC. 30, 2016))

Page 1 OF

ADDRESS ANY OF THE DEFENDANTS ARGUMENTS OR EVIDENCE INCLUDING TESTIMONY OF THE DEFENDANT AND HER WITNESSES, BY NOT ALLOWING THE DEFENDANT TO PRESENT AND DEFEND HER CASE. DEFENDANT HAS MERITS THAT IF PRESENTED TO AN IMPARTIAL JURIST, SHE MOST LIKELY WOULD HAVE BEEN MERITORIOUS IN HER EQUITABLE DEFENSE AS WELL AS PROVING EQUITABLE DAMAGES CAUSED DIRECTLY BY THE PLAINTIFF AND/OR THEIR DESIGNEE. DEFENDANT HAS CLEARLY SUFFERED IRREPAIRABLE HARM IN EXCESS OF TEN THOUSAND DOLLARS, AS WELL AS HARRASSMENT CAUSING ANXIETY, STRESS AND MENTAL ANGUISH.

THERE ARE TWO DUE PROCESS CLAUSES FOUND IN THE U.S CONSTITUTION, ONE IN THE 5th AMENDMENT PERTAINING TO THE FEDERAL GOVERNMENT, THE OTHER IN THE 14th AMENDMENT WHICH PROTECTS PERSONS FROM STATE AND METROPOLITAN ACTIONS. THERE ARE TWO ASPECTS: PROCEDURAL, IN WHICH A PERSON IS GUARANTEED FAIR PROCEDURES AND SUBSTANTIVE WHICH PROTECTS A PERSONS PROPERTY FROM UNFAIR GOVERNMENTAL INTERFERENCE OR TAKING. SIMILIAR CLAUSES ARE ON THE NEW MEXICO STATE CONSTITUTION. JUDGE ROSEMARIE ALLRED VIOLATED BOTH OF

2 of

DUE PROCESS CLAUSES BY BLATANTLY AND SHAMEFULLY USING HER ARBITRARY ABUSE OF DISCRETION, SUMMARY ISSUING AN EQUITABLE JUDGEMENT AND A WRIT OF RESTITUTION AGAINST THE DEFENDANT — MARGARET CARRILLO. NOT ONLY DID JUDGE ALLRED ISSUE AN EQUITABLE ORDER AND JUDGEMENT AGAINST THE DEFENDANT, THE DEFENDANT WAS NOT GIVEN THE SLIGHTEST OPPORTUNITY TO PRESENT WHAT MOST LIKELY WOULD HAVE BEEN A MERITORIOUS COLLATERAL ATTACK AGAINST ACCUSATIONS BY THE PLAINTIFF, ADDITIONALLY, JUDGE ALLRED DID NOT ADDRESS THE DEFENDANTS COUNTER SUIT FOR HARRASSMENT AND INTIMIDATION AT ANY LEVEL. IT APPEARS THAT JUDGE ALLRED SIMPLY IGNORED THE COUNTER SUIT ALLTOGETHER, WHICH THE DEFENDANT IS IN POSESSION OF A COURT FILED STAMP — WHEN A MOTION TO VACATE AND RESET TRIAL AND THE COUNTER SUIT WERE FILED, SINCE JUDGE ALLRED DENIED THE DEFENDANTS MOTION FOR CONTINUANCE, SHE UNDOUBTEDLY HAD TO KNOW ABOUT THE DEFENDANTS COUNTER SUIT, AND TOOK IT UPON HERSELF TO SIMPLY IGNORE IT.

THE DEFENDANT IN THIS CASE HAS A RIGHT TO BE HEARD AND TO ENFORCE AND PROTECT

HER RIGHTS BEFORE A COURT HAVING POWER TO HEAR AND DETERMINE THE CASE IN A FAIR AND UNBIASED MANNER. THAT MEANS THAT NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY OR OF ANY RIGHT, GRANTED HER BY STATUTE, UNLESS THE MATTER INVOLVED FIRST SHALL HAVE BEEN ADJUDICATED AGAINST HER UPON A TRIAL CONDUCTED ACCORDING TO ESTABLISHED RULES REGULATIONS JUDICIAL PROCEEDI AND IT FORBIDS CONDEMNATION WITHOUT A HEARING THE CONCEPT AS IT IS EMBODIED IN THE 5th AMEND. DEMANDS THAT A JUDGEMENT OR ORDER SHALL NOT BE UNREASONABLE, ARBITRARY OR CAPICIOUS. A FUNDAMENTAL REQUISITE IS THE OPPORTUNITY TO BE HEARD ASIDE FROM ALL ELSE, "DUE PROCESS" MEANS FUNDAMENTAL FAIRNESS.

IN CONCLUSION, DEFENDANT FURTHER CONTENDS THAT THE ACTIONS OF JUDGE ALLRED, IN THE JULY 2, PROCEEDINGS WERE PREJUDICIAL AND DISCREMINITORY, WHICH RESULTED IN BEING DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS. FOR THE AFOREMENTIONED REASONS, DEFENDANT SEEKS AN ORDER OF RECUSAL AGAINST JUDGE ROSEMARIE ALLRED IN THE INTERESTS OF JUSTICE.

RESPECTFULLY SUBMITTED

Margaret M. Carrillo

MARGARET CARRILLO
PRO PER

Page 4 of 5

PLAINTIFF
MARGARET M. CARRIZW

# EXHIBIT

# F

APARTMENT

LEASE / CONTRACT

Pg 3, 6

## APARTMENT LEASE CONTRACT

**NAA**
NATIONAL APARTMENT ASSOCIATION

Date of Lease Contract: _____ August 6, 2018 _____
(when the lease contract is filled out)

*This is a binding document. Read carefully before signing.*

### Moving In — General Information

**1. PARTIES.** This Lease Contract is between *you*, the resident(s) *(list all people signing the Lease Contract)*:

Margaret Carrillo

and *us*, the owner: FSC Arroyo Villas LLC

*(name of apartment community or title holder).* You have agreed to rent Apartment No. _____ 405 _____, at 4701 Irving Blvd. NW _____ *(street address)* in _____ Albuquerque _____ *(city)*, New Mexico, _____ 87114 _____ *(zip code)* for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written or electronic notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached. The New Mexico Uniform Owner-Resident Relations Act, as it may be amended from time to time (sometimes referred to as the "Act"), applies to this Lease Contract.

**2. OCCUPANTS.** The apartment will be occupied only by you and *(list all other occupants not signing the Lease Contract)*:

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than _____ 7 _____ consecutive days without our prior written consent, and no more than twice that many days in any one month. *If the previous space is not filled in, seven (7) days per month is the limit.*

**3. LEASE TERM.** The initial term of the Lease Contract begins on the _____ 6th _____ day of _____ August _____, _____ 2018 _____, and ends at midnight the _____ 31st _____ day of _____ August _____ _____ 2019 _____.

**Renewal.** This Lease Contract will automatically renew month-to-month unless either party gives at least _____ 30 _____ days written notice of termination or intent to move-out as required by paragraph 36 (Move-Out Notice). If the number of days is not filled in, at least 30 days notice is required. In month-to-month tenancies, no more than 30 days is required. Unless otherwise provided in this Lease Contract, 30 days notice means written notice 30 days before the next date rent is due. If neither party gives notice of termination as provided in this paragraph, then this agreement shall renew on a month-to-month basis.

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ _____ 99.00 _____, due on or before the date this Lease Contract is signed. If this Lease Contract is for a term less than one (1) year, the total security deposit will not exceed one (1) month's rent. If this property is managed by a broker, deposits may be disbursed to the property owners without first being deposited to the broker's property management trust account and the broker will not be held responsible for such deposits.

**5. KEYS AND FURNITURE.** You will be provided _____ 2 _____ apartment key(s), _____ 2 _____ mailbox key(s), and _____ 1 _____ other access devices for pool _____. Your apartment will be *[check one]*: ☐ furnished or ☒ unfurnished.

**6. RENT AND CHARGES.** Unless modified by addenda, you will pay $ _____ 798.00 _____ per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☒ at our online payment site, or
☒ at Via US Mail

Prorated rent of $ _____ 691.60 _____ is due for the remainder of the *[check one]*: ☒ 1st month or ☐ 2nd month, on _____.

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one (1) monthly check rather than multiple checks. At our discretion, we may convert any and all checks via the Automated Clearing House (ACH) system for the purposes of collecting payment. If you do not pay all rent on or before the _____ 2nd _____ day of the month, you will pay an initial late charge of $ _____ 79.80 _____ plus a late charge of $ _____ 0.00 _____ per day after that date until paid in full. Late charges assessed in any one month will not exceed 10% of any single month's rent. You will also pay a charge of $ _____ 35.00 _____ for each returned check or rejected electronic payment, plus initial and daily late charges from due date until we receive acceptable payment. If you do not pay rent on time, you will be delinquent and all remedies under this Lease Contract and applicable law will be authorized. We will also have all other remedies for such violation, including but not limited to eviction.

**7. UTILITIES.** We'll pay for the following items, if checked:
☒ water  ☐ gas  ☐ electricity  ☐ master antenna
☒ wastewater  ☒ trash  ☐ cable TV
☐ other _____

You will contract directly for, put in your name, and pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected— including disconnection for not paying your bills—until the lease term or renewal period ends. Cable channels that are provided may be changed during the lease term if the change applies to all residents. Utilities may be used only for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-operated lighting. If any utilities are submetered for the apartment, or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules or city ordinance.

We may, without further notice, take any necessary steps to remove such utilities from our name. You understand that your failure to place and maintain such utilities in your name and/or pay for such utilities will result in an action by the utility provider to suspend or terminate service. We do not and will not, even temporarily, accept responsibility for the utility charges which we have not agreed to pay, and we may refuse, at any time, to allow such utilities to be placed in our name. If we receive a bill for any utilities which you are obligated to pay, and bill you for those charges, such amounts are agreed to be treated as unpaid rent, and we will be entitled to immediately serve the appropriate notice of noncompliance on you. Your failure to comply with this paragraph is a violation of this Lease Contract.

If charges for utilities are paid to us or a billing company designated by us, then charges for utilities shall be considered additional rent.

**8. INSURANCE.** We do not maintain insurance to cover your personal property or personal injury. We are not responsible to any resident, guest, or occupant for damage or loss of personal property or personal injury from (including but not limited to) fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.

We urge you to get your own insurance for losses to your personal property or injuries due to theft, fire, water damage, pipe leaks and the like.

Additionally, you are *[check one]* ☐ required to purchase personal liability insurance ☒ not required to purchase personal liability insurance. If no box is checked, personal liability insurance is not required. If required, failure to maintain personal liability insurance is an incurable breach of this Lease Contract and may result in the termination of tenancy and eviction and/or any other remedies as provided by this Lease Contract or state law.

**9. LOCKS AND LATCHES.** Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done before you move into your apartment.

You may at any time ask us to change or rekey locks or latches during the Lease Term. We must comply with those requests, but you must pay for them, unless otherwise provided by law.

**Payment for Rekeying, Repairs, Etc.** You must pay for all repairs or replacements arising from misuse or damage to devices by you or your occupants, or guests during your occupancy. You may be required to pay in advance if we notify you within a reasonable time after your request that you are more than 30 days delinquent in reimbursing us for repairing or replacing a device which was misused or damaged by you, your guest, or an occupant; or if you have requested that we repair, install, change or rekey the same device during the 30 days preceding your request and we have complied with your request.

---

## Special Provisions and "What If" Clauses

**10. SPECIAL PROVISIONS.** The following special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Lease Contract and will supersede any conflicting provisions of this printed lease form.

Rent and Charges as follows: Rent: $798.00. Payments made after the 2nd day of the month will be cashier's checks or money orders only. No cash is accepted.
$331.°° BY MARGARET CARROLL
$467.°° BY SECTION 8
See any additional special provisions.

**11. EARLY MOVE-OUT.** You will be responsible for either:

☐ our actual damages incurred, or

☒ a Termination Fee in the amount of $ 1614.00 if you:

(1) fail to give written move-out notice as required in paragraphs 22 (Military Personnel Clause) or 36 (Move-Out Notice); or

(2) move out without paying rent in full for the entire lease term or renewal period; or

(3) move out at our demand because of your default; or

(4) are judicially evicted.

If the parties have checked this paragraph, you may terminate your tenancy, even during the Initial Term, on 30 days written notice, accompanied by payment of a termination fee of $ 1614.00 as full compensation for our expenses of re-renting the premises and loss of rental income as a result of Resident's early termination of your tenancy. The Termination Fee is not compensation for accrued rent or other charges which have already come due or for damages, cleaning or any other charges which cannot be determined until you vacate the apartment.

If neither box is checked, then you will be responsible for all actual expenses and damages we incur as a result of your breach of the Lease Contract, which may include without limitation, advertising costs, marketing costs, locator service fees, and payment of rent through the full term of the Lease Contract. Any Termination Fee is a reasonable estimate of liquidated damages and is not a penalty. The Termination Fee is in lieu of compensation for our loss of future rent and for our expenses of reletting the apartment as a result of your leaving before the end of the lease term. It does not include rent, late charges, utilities and other monthly charges accruing prior to your moving out, repayment of rental concessions, damages for lack of notice, damages to the premises, cleaning, or any court costs or attorneys fees. You may not use the deposit to satisfy any Termination Fee owed by you under this paragraph.

**Rental Concessions.** In consideration of your complete performance of this Lease Contract for the full term of the Lease Contract, we have allowed you free rent, a discount or other rent concessions totaling: $ 0.00 . If you unlawfully terminate your tenancy before completing the initial term or otherwise fail to perform your obligations for the full initial term of this Lease Contract, you must repay all of the rental concessions.

**12. REIMBURSEMENT.** You must promptly reimburse us for loss, damage, fines, or cost of repairs or service in the apartment community due to a violation of the Lease Contract or rules, improper use, or negligence by you or your guests or occupants. Unless the damage or wastewater stoppage is due to our gross negligence or intentional misconduct, we are not liable for—and you must pay for—repairs, replacement costs, and damage to the following that result from you or your invitees, guests, or occupants' negligence or intentional acts: (1) damage to doors, windows, or screens; (2) damage from windows or doors left open; and (3) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment. We may require payment at any time, including advance payment of repairs for which you're liable. Delay in demanding sums you owe is not a waiver.

**13. PROPERTY LEFT IN APARTMENT.**

**Removal After Surrender, Abandonment, or Eviction.** We or law officers may remove and/or store all property remaining in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) if you are judicially evicted or if you surrender or abandon the apartment (see definitions in paragraph 41 (Deposit Return, Surrender, and Abandonment)). You must pay reasonable charges for our moving or storing any property left in the apartment after surrender, abandonment, or eviction prior to retrieving it; but we cannot hold the property for other sums due us. We're not liable for casualty loss, damage, or theft of such property.

**Storage and Disposition of Property Left After Eviction.** We will store, for at least 3 days, any property left in the apartment after the date for eviction set out in a writ of restitution. The writ of restitution will constitute notice and a court order to you to remove all your property. If you have not retrieved your property by the end of the 3-day period, we may (1) throw it away, (2) give it to a charitable organization, or (3) retain it as our own, with no further notice or liability to you—regardless of the property's value.

**Storage of Property Left After Surrender of Apartment.** We will store, for at least 14 days, any property left in the apartment after your surrender of the apartment. After paying our reasonable moving and/or storage charges, you may retrieve your property until we dispose of it.

**Storage of Property Left After Abandonment of Apartment.** We will store, for at least 30 days, any property left in the apartment after your abandonment of the apartment as defined by law. After paying our reasonable moving and/or storage charges, you may retrieve your property until we dispose of it. We will give you not less than 30 days written notice of the date on which we intend to dispose of your property.

**Disposition of Property Valued Less than $100.** If the unclaimed property left in a surrendered or abandoned apartment has a market value of less than $100, we may, after the end of the required storage period, dispose of the property in any manner and without notice to you. Disposition can include retaining the property as our own, selling it, throwing it away, or giving it to a charitable organization.

**Disposition of Property Valued More than $100.** Except where this agreement has terminated by a writ of restitution, if the unclaimed property left in a surrendered or abandoned apartment has a market value of more than $100, after the end of the notice period, we may either (1) retain the property for our own use or give it or throw it away, or (2) sell the property. In either case, you will be given credit for the amount equal to the fair market value or the sales proceeds, as appropriate, and you will be given notice

---

by mail within 15 days after the disposition of: (1) any sale proceeds received, and (2) the charges to your account to which the proceeds have been applied. Sale proceeds exceeding the total of all sums owed by you to us will be mailed to you at that time also.

**General.** Notices sent under this paragraph may be sent with any other notice to you. Animals removed after surrender or eviction may be kenneled or turned over to local authorities or humane societies. Any sale may be public or private, is subject to any third-party ownership or lien claims, must be to the highest cash bidder, and may be in bulk, in batches, or item-by-item.

**14. RENT INCREASES AND LEASE CONTRACT CHANGES.** No rent increases or Lease Contract changes are allowed before the initial Lease Contract term ends, except for changes allowed by any special provisions in paragraph 10 (Special Provisions), by a written addendum or amendment signed by you and us, or by reasonable changes of apartment rules allowed under paragraph 17 (Community Policies or Rules). If we give you advance written notice of rent increases or lease changes effective when the lease term or renewal period ends, this Lease Contract will automatically continue month-to-month with the increased rent or lease changes. The new modified Lease Contract will begin on the date stated in the notice (without necessity of your signature) unless you give us written move-out notice under paragraph 36 (Move-Out Notice).

**15. DELAY OF OCCUPANCY.** If occupancy is or will be delayed for construction, repairs, cleaning, or a previous resident's holding over, we are not responsible for the delay. The Lease Contract will remain in force subject to: (1) abatement of rent on a daily basis during delay; and (2) your right to terminate as set forth below. Termination notice must be in writing. If you terminate the Lease Contract, and we have made reasonable attempts to obtain possession, you are entitled only to refund of deposit(s) and any rent paid. Rent abatement or lease termination does not apply if delay is for cleaning or repairs that do not prevent you from occupying the apartment.

If there is a delay, you may terminate or exercise other remedies up to the date when the apartment is ready for occupancy, but not later, by the following methods: (1) upon written notice to us, you may terminate the rental agreement effective immediately; or (2) you may maintain an action for possession of the dwelling in accordance with state law.

**16. DISCLOSURE RIGHTS.** If someone requests information on you or your rental history for law-enforcement, governmental, or business purposes, we may provide it.

## While You're Living in the Apartment

**17. COMMUNITY POLICIES OR RULES.** You and all guests and occupants must comply with any written apartment rules and community policies, including instructions for care of our property. Our rules are considered part of this Lease Contract. We may make reasonable changes to written rules, effective immediately, if they are distributed and applicable to all units in the apartment community and do not change dollar amounts on page 1 of this Lease Contract.

**18. LIMITATIONS ON CONDUCT.** The apartment and other areas reserved for your private use must be kept clean. Trash must be disposed of at least weekly in appropriate receptacles in accordance with local ordinances. Passageways may be used only for entry or exit. Windows may not be used for entry or exit. Any swimming pools, saunas, spas, tanning beds, exercise rooms, storerooms, laundry rooms, and similar areas must be used with care in accordance with apartment rules and posted signs. Glass containers are prohibited in all common areas. You, your occupants, or guests may not anywhere in the apartment community: use candles or use kerosene lamps or kerosene heaters without our prior written approval; cook on balconies or outside; or solicit business or contributions. Conducting any kind of business (including child care services) in your apartment or in the apartment community is prohibited—except that any lawful business conducted "at home" by computer, mail, or telephone is permissible if customers, clients, patients, or other business associates do not come to your apartment for business purposes. We may regulate: (1) the use of patios, balconies, and porches; (2) the conduct of furniture movers and delivery persons; and (3) recreational activities in common areas. You'll be liable to us for damage caused by you or any guests or occupants.

We may exclude from the apartment community guests or others who, in our judgment, have been violating the law, violating this Lease Contract or any apartment rules, or disturbing other residents, neighbors, visitors, or owner representatives. We may also exclude from any outside area or common area a person who refuses to show photo identification or refuses to identify himself or herself as a resident, occupant, or guest of a specific resident in the community.

You agree to notify us if you or any occupants are convicted of any felony, or misdemeanor involving a controlled substance, violence to another person or destruction of property. You also agree to notify us if you or any occupant registers as a sex offender in any state. Informing us of criminal convictions or sex offender registry does not waive our right to evict you.

**19. PROHIBITED CONDUCT.** You and your occupants or guests may not engage in the following activities: behaving in a loud or obnoxious manner; disturbing or threatening the rights, comfort, health, safety, or convenience of others (including our agents and employees) in or near the apartment community; disrupting our business operations; manufacturing, delivering, possessing with intent to deliver, or otherwise possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; possessing a weapon prohibited by state law; discharging a firearm in the apartment community; displaying or possessing a gun, knife, or other weapon in the common area in a way that may alarm others;

storing anything in closets having gas appliances; tampering with utilities or telecommunications; bringing hazardous materials into the apartment community; or injuring our reputation by making bad faith allegations against us to others; making any unlawful use of a deadly weapon; sexually harassing, assaulting or molesting another person; causing physical harm to another person; damaging the property of another person; entering into the dwelling unit or vehicle of another person without that person's consent; or committing any theft of the property of another person. Violation of this paragraph which results in a "Substantial Violation" of the Lease Contract as defined in the Act, will be cause for us to terminate your tenancy and to proceed to evict you within the shortest period allowed by law, which may be in as little as three (3) days after receipt of notice.

**20. PARKING.** We may regulate the time, manner, and place of parking all cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles by anyone. Motorcycles may not be parked inside the dwelling, or on sidewalks or common areas. We may have unauthorized or illegally parked vehicles towed with or without prior notice. A vehicle is unauthorized or illegally parked in the apartment community if it:

(1) has a flat tire or other condition rendering it inoperable; or
(2) is on jacks, blocks or has wheel(s) missing; or
(3) has no current license or no current inspection sticker; or
(4) takes up more than one (1) parking space; or
(5) belongs to a resident or occupant who has been evicted, surrendered after an eviction notice or abandoned the apartment; or
(6) is parked in a marked handicap space without the legally required handicap insignia; or
(7) is parked in space marked for manager, staff, or guest at the office; or
(8) blocks another vehicle from exiting; or
(9) is parked in a fire lane or designated "no parking" area; or
(10) is parked in a space marked for other resident(s) or unit(s); or
(11) is parked on the grass, sidewalk, or patio; or
(12) blocks garbage trucks from access to a dumpster; or
(13) leaks oils, brake fluid or hydraulic fluids which is unsightly or may damage our parking lot surface or cause a safety hazard; or
(14) is in an unsafe condition, contains hazardous material or otherwise constitutes a hazard to health or safety; or
(15) belongs to a resident and is parked in a visitor or retail parking space.

**21. RELEASE OF RESIDENT.** Unless you are entitled to terminate your tenancy under paragraphs 10 (Special Provisions), 11 (Early Move-Out), 15 (Delay of Occupancy), 22 (Military Personnel Clause), 30 (Responsibilities Of Owner), or 36 (Move-Out Notice), you are not entitled to be released from this Lease Contract for any reason—including but not limited to voluntary or involuntary school withdrawal or transfer, voluntary or involuntary job transfer, marriage, separation, divorce, reconciliation, loss of co-residents, loss of employment, bad health, or death.

© 2018, National Apartment Association, Inc. - 2/2018, New Mexico

**22. MILITARY PERSONNEL CLAUSE.** You may terminate your tenancy if you enlist or are drafted or commissioned and on active duty in the U.S. Armed Forces. You also may terminate your tenancy if:

(1) you are (i) a member of the U.S. Armed Forces or reserves on active duty or (ii) a member of the National Guard called to active duty for more than 30 days in response to a national emergency declared by the President; *and*

(2) you (i) receive orders for permanent change-of-station, (ii) receive orders to deploy with a military unit or as an individual in support of a military operation for 90 days or more, *or* (iii) are relieved or released from active duty.

After you deliver to us your written termination notice, your tenancy will be terminated under this military clause 30 days after the date on which your next rental payment is due. You must furnish us a copy of your military orders, such as permanent change-of-station orders, call-up orders, or deployment orders or written notification from your commanding officer. Military permission for base housing does not constitute change-of-station order. After you move out, we'll return your security deposit, less lawful deductions. For the purposes of this Lease Contract, orders described in (2) above will only release the resident who qualifies under (1) and (2) above and receives the orders during the Lease Contract term and such resident's spouse or legal dependents living in the resident's household. A co-resident who is not your spouse or dependent cannot terminate under this military clause. Unless you state otherwise in paragraph 10 (Special Provisions), you represent when signing this Lease Contract that: (1) you do not already have deployment or change-of-station orders; (2) you will not be retiring from the military during the Lease Contract term; and (3) the term of your enlistment or obligation will not end before the Lease Contract term ends. Even if you are entitled to terminate your tenancy under this paragraph, liquidated damages for making a false representation of the above will be the amount of unpaid rent for the remainder of the lease term when and if you move out, less rents from others received in mitigation under paragraph 31 (Default By Resident). You must immediately notify us if you are called to active duty or receive deployment or permanent change-of-station orders.

**23. RESIDENT SAFETY AND PROPERTY LOSS.** You and all occupants and guests must exercise due care for your own and others' safety and security, especially in the use of smoke detectors, keyed deadbolt locks, keyless bolting devices, window latches, and access control devices.

**Smoke Detectors; Fire Extinguishers.** If the premises are located within the City of Albuquerque, we are required by law to furnish working smoke detectors in accordance with the Albuquerque Fire Code. In all dwelling units in the City of Albuquerque and in any case where we furnish smoke detectors as required by statute, we'll test them and provide working batteries when you first take possession. After that, you must pay for and replace batteries as needed, and you will be responsible for all other maintenance and repairs of the smoke detectors. We may, but will not be required to, replace dead or missing batteries at your expense, without prior notice to you. You must immediately report smoke detector malfunctions to us. Neither you nor others may disable smoke detectors. If we furnish fire extinguishers, you will not remove or tamper with the fire extinguisher and will report any damage to or discharge of the fire extinguisher to us. If you disable or damage the smoke detector, or fail to replace a dead battery or report malfunctions in the smoke detector or fire extinguisher to us, you will be liable to us and others for any loss, damage, or fines from fire, smoke, or water.

**Casualty Loss.** We are not liable to any resident, guest, or occupant for personal injury or damage or loss of personal property from any cause, including but not limited to: fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, or vandalism unless otherwise required by law. We have no duty to remove any ice, sleet, or snow but may remove any amount with or without notice. During freezing weather, you must ensure that the temperature in the apartment is sufficient to make sure that the pipes do not freeze (we suggest at least 50 degrees). If the pipes freeze or any other damage is caused by your failure to properly maintain the heat in your apartment, you will be liable for damage to our and other's property; (2) keep cabinet and closet doors open; and (3) drip hot and cold water faucets. You will be liable for damage to our and others' property if damage is caused by broken water pipes due to your violating these requirements. If you ask our representatives to perform services not contemplated in this Lease Contract, you will indemnify us and hold us harmless from all liability for those services. **You will indemnify and defend us and hold us harmless from any expenses, including reasonable attorneys fees, resulting from claims by others arising from the conduct of or the use of the premises by you, your family members or guests.**

Crime or Emergency. Dial 911 or immediately call local medical, emergency, fire, or police personnel in case of accident, fire, smoke, or suspected criminal activity, or other emergency involving imminent harm. You should then contact our representative. Unless otherwise provided by law, we're not liable to you or any guests or occupants for injury, damage, or loss to person or property caused by criminal conduct of other persons, including theft, burglary, assault, vandalism, or other crimes. We are not obliged to furnish security personnel, security lighting, security gates or fences, or other forms of security unless required by statute. If we provide any access control devices or security measures upon the property, they are not a guarantee to prevent crime or to reduce the risk of crime on the property. You agree that no access control or security measures can eliminate all crime and that you will not rely upon any provided access control or security measures as a warranty or guarantee of any kind. We are not responsible for obtaining criminal-history checks on any residents, occupants, guests, or contractors in the apartment community. If you or any occupant or guest is affected by a crime, you must make a written report to our representative and to the appropriate local law-enforcement agency. You must also furnish us with the law-enforcement agency's incident report number upon request.

**24. CONDITION OF THE PREMISES AND ALTERATIONS.** You acknowledge that you received the premises clean and in good condition, except as you have indicated in writing as provided below. You accept the apartment, fixtures, and furniture as is. We disclaim all implied warranties. You will be given an Inventory and Condition form on or before move-in. You must sign and note on the form all defects or damage and return it to our representative. Otherwise, everything will be considered to be in a clean, safe, and good working condition.

You must keep the apartment reasonably clean and sanitary. You must use customary diligence in maintaining the apartment and not damaging or littering the common areas. Unless authorized by statute or by us in writing, you must not perform any repairs, painting, wallpapering, carpeting, electrical changes, or otherwise alter our property. No holes or stickers are allowed inside or outside the apartment. But we will permit a reasonable number of small nail holes for hanging pictures on sheetrock walls and in grooves of wood-paneled walls, unless our rules state otherwise. No water furniture, washing machines, additional phone or TV-cable outlets, alarm systems, or lock changes, additions, or rekeying is permitted unless statutorily allowed or we've consented in writing. You may install a satellite dish or antenna provided you sign our satellite dish or antenna lease addendum which complies with reasonable restrictions allowed by federal law. You agree not to alter, damage, or remove our property, including alarm systems, smoke detectors, furniture, telephone and cable TV wiring, screens, locks, and access control devices. When you move in, we will supply light bulbs for fixtures we furnish, including exterior fixtures operated from inside the apartment; after that, you will replace them at your expense with bulbs of the same type and wattage. Your improvements to the apartment (whether or not we consent) become ours unless we agree otherwise in writing.

**25. REQUESTS, REPAIRS, AND MALFUNCTIONS.** IF YOU OR ANY OCCUPANT NEEDS TO SEND A NOTICE OR REQUEST—FOR EXAMPLE, FOR REPAIRS, INSTALLATIONS, SERVICES, OR SECURITY-RELATED MATTERS—IT MUST BE SUBMITTED THROUGH EITHER THE ONLINE TENANT/MAINTENANCE PORTAL, OR SIGNED AND IN WRITING AND DELIVERED TO OUR DESIGNATED REPRESENTATIVE (except in case of fire, smoke, gas, explosion, overflowing sewage, uncontrollable running water, electrical shorts, or crime in progress). Our written notes on your oral request do not constitute a written request from you.

Our complying with or responding to any oral request regarding security or non-security matters does not waive the strict requirement for written notices under this Lease Contract. You must promptly notify us in writing of: water leaks; electrical problems; malfunctioning lights; broken or missing locks or latches; and other conditions that pose a hazard to property, health, or safety. We may change or install utility lines or equipment serving the apartment if the work is done reasonably without substantially increasing your utility costs. We may turn off equipment and interrupt utilities as needed to avoid property damage or to perform work. If utilities malfunction or are damaged by fire, water, or similar cause, you must notify our representative immediately. Air conditioning problems are generally not emergencies. If air conditioning or other equipment malfunctions, you must notify our representative as soon as possible on a business day. We will act with customary diligence to make repairs and reconnections.

© 2018, National Apartment Association, Inc. - 2/2018, New Mexico

If we believe that fire or catastrophic damage is substantial, or that performance of needed repairs poses a danger to you, we may terminate your tenancy within a reasonable time by giving you written notice. If your tenancy is so terminated, we'll refund prorated rent and all deposits, less lawful deductions.

26. **ANIMALS.**   No animals (including mammals, reptiles, birds, fish, rodents and insects) are allowed, even temporarily, anywhere in the apartment or apartment community unless we have so authorized in writing. If we allow an animal, you must sign a separate animal addendum, which may require additional deposits, rents, fees or other charges. An animal deposit is considered a general security deposit. You must remove an unauthorized animal within 24 hours of notice from us, or you will be considered in default of this Lease Contact. We will authorize support and/or service animals for you, your guests, and occupants pursuant to the parameters and guidelines established by the Fair Housing Act and the HUD regulatory guidelines. We may require a written statement from a qualified professional verifying the need for the support and/or service animal.  You must not feed stray or wild animals.

If you or any guest or occupant violates animal restrictions (with or without your knowledge), you will be subject to charges, damages, eviction, and other remedies provided in this Lease Contract. If an animal has been in the apartment at any time during your term of occupancy (with or without our consent), we will charge you for defleaing, deodorizing, and shampooing. Initial and daily animal-violation charges and animal-removal charges are liquidated damages for our time, inconvenience, and overhead (except for attorney's fees and litigation costs) in enforcing animal restrictions and rules. We may remove an unauthorized animal by (1) leaving, in a conspicuous place in the apartment, a 24-hour written notice of intent to remove the animal, and (2) following the procedures of paragraph 27 (When We May Enter). We may keep or kennel the animal or turn it over to a humane society or local authority. When keeping or kenneling an animal, we won't be liable for loss, harm, sickness, or death of the animal unless due to our negligence. We will return the animal to you upon request if it has not already been turned over to a humane society or local authority. You must pay for the animal's reasonable care and kenneling charges. We have no lien on the animal for any purpose.

27. **WHEN WE MAY ENTER.**   We may enter your apartment for the purpose of making repairs, supplying necessary or agreed services, protecting the premises, inspecting the premises, and exhibiting the premises to prospective residents, purchasers, workers, contractors, or mortgagees or for any other reasonable purpose. If you or any guest or occupant is present and consents to our entry, then repairers, servicers, contractors, our representatives or other persons may peacefully enter the apartment at reasonable times. Otherwise, and as permitted under applicable law, such persons may enter peacefully and at reasonable times by duplicate or master key (or by breaking a window or other means when necessary in emergencies). If you are not present at the time of entry, we may enter:

(1) after at least 24-hours prior written notice of intent to enter (or other reasonable notice) has been given, describing the purpose for entry, date, and time estimate for the entry;

(2) without prior written notice if the entry is for performing requested repairs or services within seven (7) days of your request; or

(3) without prior notice if we are accompanied by a public official conducting an inspection or a cable television, electric, gas or telephone company representative.

28. **MULTIPLE RESIDENTS OR OCCUPANTS.**   Each resident is jointly and severally liable for all lease obligations. Each resident may be required to pay the entire rent and other amounts due without pursuing collection from any other person. If you or any guest or occupant violates the Lease Contract or rules, all residents are considered to have violated the Lease Contract. Our requests and notices (including sale notices) to any resident constitute notice to all residents and occupants. Notices and requests from any resident or occupant (including notices of termination, repair requests, and entry permissions) constitute notice from all residents. In eviction suits, and as permitted under applicable law, each resident is considered the agent of all other residents in the apartment for service of process. Security deposit refunds and deduction itemizations of multiple residents will comply with paragraph 41 (Deposit Return, Surrender, and Abandonment) and per applicable law.

## Replacements

29. **REPLACEMENTS AND SUBLETTING.**   Replacing a resident, subletting, or assignment is allowed only when we consent in writing. If departing or remaining residents find a replacement resident acceptable to us before moving out and we expressly consent to the replacement, subletting, or assignment, then:

(1) a termination fee will not be due;

(2) a reasonable administrative (paperwork) and/or transfer fee will be due, and a rekeying fee will be due if rekeying is requested or required; and

(3) the departing and remaining residents will remain liable for all lease obligations for the rest of the original lease term.

**Procedures for Replacement.**   If we approve a replacement resident, then, at our option: (1) the replacement resident must sign this Lease Contract with or without an increase in the total security deposit; or (2) the remaining and replacement residents must sign an entirely new Lease Contract. Unless we agree otherwise in writing, your security deposit will automatically transfer to the replacement resident as of the date we approve. The departing resident will no longer have a right to occupancy, or a security deposit refund, but will remain liable for the remainder of the original lease term unless we agree otherwise in writing—even if a new Lease Contract is signed.

## Responsibilities of Owner and Resident

30. **RESPONSIBILITIES OF OWNER.**   We will act with customary diligence to:

(1) keep common areas reasonably clean, subject to paragraph 24 (Condition Of The Premises And Alterations);

(2) maintain fixtures, furniture, hot water, heating and A/C equipment;

(3) substantially comply with applicable federal, state, and local laws regarding safety, sanitation, and fair housing; and

(4) make all reasonable repairs, subject to your obligation to pay for damages for which you are liable.

If we violate any of the above, or if we violate the Act, you may terminate your tenancy and exercise other remedies under state law. You will not be entitled to terminate your tenancy or abate rent for any breach by us of a duty to repair and maintain unless we have failed to make such repairs within seven (7) days of written notice of the condition requiring repair and your intent to terminate or abate rent. In no case are you permitted to make repairs and deduct the repair cost from rent.

31. **DEFAULT BY RESIDENT.**   You will be in default if you or any guest or occupant violates any terms of this Lease Contract including but not limited to the following violations: (1) you do not pay rent or other amounts that you owe when due; (2) you or any guest or occupant violates the apartment rules, or fire, safety, health, or criminal laws, regardless of whether or where arrest or conviction occurs; (3) you abandon the apartment; (4) you give incorrect or false answers in a rental application; (5) you or any occupant is arrested, convicted, or given deferred adjudication for a felony offense involving actual or potential physical harm to a person, or involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia under state statute; (6) any illegal drugs or paraphernalia are found in your apartment; or (7) you or any guest or occupant engages in any of the prohibited conduct in Paragraph 19 (Prohibited Conduct).

**Lease Renewal When A Breach or Default Has Occurred.**   In the event that you enter into a subsequent Lease Contract prior to the expiration of this Lease Contract and you breach or otherwise commit a default under this Lease Contract, we may, at our sole and absolute discretion, terminate the subsequent Lease Contract, even if the subsequent Lease Contract term has yet to commence. We may terminate said subsequent Lease Contract by sending you written notice of our desire to terminate said subsequent Lease Contract.

**Eviction for Nonpayment of Rent.**   If you fail to pay rent on time, we may give you three (3) days written notice of nonpayment and our intention to terminate your tenancy. If you fail to bring all rent current by the deadline specified in our notice, we may terminate your tenancy and you must immediately deliver possession of the dwelling unit to us. If you do not deliver possession immediately, we may commence eviction proceedings. If you pay the full amount of rent due by the deadline stated in our notice to you, no eviction proceedings will be commenced.

© 2018, National Apartment Association, Inc. - 2/2018, New Mexico

**Eviction for other Violations.** If you violate this Lease Contract in any manner (except for nonpayment of rent), we may deliver a written notice to you of the violation. Our notice will be sent to you within 30 days of your breach or our knowledge of your breach, and will include (1) a description of your breach (including the approximate date of and the nature of your breach), (2) a statement that your tenancy will terminate upon your second material breach within six (6) months of your initial breach, and (3) a statement that, unless you cure the breach, your tenancy will terminate on a specific date, not less than seven (7) days after your receipt of the notice. If you do not cure the breach by the deadline in the notice, we may file for eviction and exercise any other remedies available to us.

If you violate the Lease Contract twice (other than nonpayment of rent) within a six (6) month period, then we may deliver a written notice to you describing the breach, including the date and the nature of the breach, and stating that your tenancy will terminate on a specific date, not less than seven (7) days after your receipt of the notice. You have no right to cure the breach in this situation, and we may file for eviction.

**Holdover.** You or any occupant, invitee, or guest must not hold over beyond the date contained in your move-out notice or our notice to vacate (or beyond a different move-out date agreed to by the parties in writing). If a holdover occurs, then: (1) holdover rent is due in advance on a daily basis and may become delinquent without notice or demand; (2) rent for the holdover period will be increased by 25% over the then-existing rent, without notice; (3) you will be liable to us for all rent for the full term of the previously signed Lease Contract of a new resident who cannot occupy because of the holdover; and (4) at our option, we may extend the lease term—for up to one month from the date of notice of lease extension—by delivering written notice to you or your apartment while you continue to hold over.

**Remedies Cumulative.** Any remedies set forth herein shall be cumulative, in addition to, and not in limitation of, any other remedies available to Landlord under any applicable law.

**Other Remedies.** We may report unpaid amounts to credit agencies. If you default and move out early, you will pay us any amounts stated to be rental discounts or concessions noted in paragraph 10 (Special Provisions) or elsewhere, in addition to other sums due. Upon your default, we have all other legal remedies, including tenancy termination and lockout under applicable state law. The Owner may recover its attorney's fees and all other litigation costs in any suit or action to enforce this Lease Contract. All unpaid amounts bear 18% interest per year from due date, compounded annually. You must pay all collection-agency fees if you fail to pay all sums due within 10 days after we mail you a letter demanding payment and stating that collection agency fees will be added if you don't pay all sums by that deadline.

**Mitigation of Damages.** If you move out early, you will be subject to paragraph 11 (Early Move-Out) and all other remedies. We will exercise customary diligence to relet and minimize damages. We will credit all subsequent rent that we actually receive from subsequent residents against your liability for past-due and future rent and other sums due.

## General Clauses

**32.MISCELLANEOUS.** Neither we nor any of our representatives have made any oral promises, representations, or agreements. This Lease Contract is the entire agreement between you and us. Our representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Lease Contract or any part of it, unless in writing, and no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives unless in writing. No action or omission of our representative will be considered a waiver of any subsequent violation, default, or time or place of performance. Our not enforcing or belatedly enforcing written-notice requirements, rental due dates, acceleration, liens, or other rights, isn't a waiver under any circumstances. Except when notice or demand is required by statute, you waive any notice and demand for performance from us if you default. Written notice to or from our managers constitutes notice to or from us. Any person giving a notice under this Lease Contract should retain a copy of the memo, letter or fax that was given. Fax signatures are binding. All notices must be signed by the party giving notice or an agent or representative of the party. Time is of the essence of this Lease Contract.

Any provision of this Lease Contract calling for the payment of money will be deemed a covenant to pay rent. If resident has signed an Addendum for Units Participating in Government Regulated Affordable Housing Programs, the provisions of that document control over this Lease Contract to the extent of any conflict.

Exercising one remedy will not constitute an election or waiver of other remedies. Unless prohibited by law or the respective insurance policies, insurance subrogation is waived by all parties. All remedies are cumulative. No employee, agent, or management company is personally liable for any of our contractual, statutory, or other obligations merely by virtue of acting on our behalf. This Lease Contract binds subsequent owners. Neither an invalid clause nor the omission of initials on any page invalidates this Lease Contract. All notices and documents may be in English and, at our option, in any language that you read or speak. All provisions regarding our non-liability and non-duty apply to our employees, agents, and management companies. This Lease Contract is subordinate or superior to existing and future recorded mortgages, at lender's option. All lease obligations must be performed in the county where the apartment is located.

**WAIVER OF JURY TRIAL. To minimize legal expenses and, to the extent allowed by law, you and we agree that a trial of any lawsuit based on statute common law, and/or related to this Lease Contract shall be to a judge and not a jury.**

**Consent to Solicitation.** You hereby expressly authorize us, our representative(s), and any collection agency or debt collector (hereinafter collectively referred to as the "Authorized Entities") to communicate with you. The communication may be made through any method for any reason related to amounts due and owing under this Lease Contract. You authorize any and all of the communication methods even if you will incur a fee or a cost to receive such communications. You further promise to immediately notify the Authorized Entities if any telephone number or email address or other unique electronic identifier or mode that you provided to any Authorized Entity changes or is no longer used by you. All discretionary rights reserved for us within this Lease Contract or any accompanying addenda are at our sole and absolute discretion.

**Force Majeure.** If we are prevented from completing performances of any obligations hereunder by an act of God, strikes, epidemics, war, acts of terrorism, riots, flood, fire, hurricane, tornado, sabotage, or other occurrence which is beyond the control of the parties, then we shall be excused from any further performance of obligations and undertakings hereunder, to the full extent allowed under applicable law.

Furthermore, if such an event damages the property to materially affect its habitability by some or all residents, we reserve the right to vacate any and all leases and you agree to excuse us from any further performance of obligations and undertakings hereunder, to the full extent allowed under applicable law.

**33.PAYMENTS.** Payment of all sums is an independent covenant. We may allocate any payments by you to any outstanding charges owed to us regardless of your designating the payment as rent. At our option and without notice, we may apply money received (other than sale proceeds under paragraph 13 (Property Left In Apartment) or utility payments subject to governmental regulations) first to any of your unpaid obligations, then to current rent—regardless of notations on checks or money orders and regardless of when the obligations arose. All sums other than rent are due upon our demand. After the due date, and the expiration of any notice given pursuant to statute, we do not have to accept the rent or any other payments.

**34.ASSOCIATION MEMBERSHIP.** We represent that either: (1) we or; (2) the management company that represents us, is at the time of signing this Lease Contract or a renewal of this Lease Contract, a member of both the National Apartment Association and any affiliated state and local apartment (multi-housing) associations for the area where the apartment is located.

**35.OBLIGATION TO VACATE.** If we provide you with a notice to vacate, or if you provide us with a written notice to vacate or intent to move-out in accordance with the Lease Terms paragraph, and we accept such written notice, then you are required to vacate the Apartment and remove all of your personal property therefrom at the expiration of the Lease term, or by the date set forth in the notice to vacate, whichever date is earlier, without further notice or demand from us.

© 2018, National Apartment Association, Inc. - 2/2018, New Mexico

## When Moving Out

**36. MOVE-OUT NOTICE.** Before moving out, either at the end of the lease term, any extension of the lease term, or prior to the end of the lease term, you must give our representative advance written notice of your intention to vacate as required by paragraph 3 (Lease Term). If you move out prior to the end of the lease term, your notice does not act as a release of liability for the full term of the Lease Contract. You will still be liable for the entire Lease Contract term if you move out early under paragraph 21 (Release of Resident) except if you are able to terminate your tenancy under the statutory rights explained under paragraphs 11, 21, or 22 (Early Move-Out, Release of Resident, or the Military Personnel Clause). All notices to vacate must be in writing and must provide the date by which you intend to vacate. If the notice does not comply with the time requirements of paragraph 3 (Lease Term), even if you move by the last date in the lease term, you will be responsible for an additional month's rent. If you fail to vacate by the date set forth in your notice, you will automatically and immediately become a holdover tenant pursuant to state law, and we will have all remedies available under this Lease Contract and state law.

**37. MOVE-OUT PROCEDURES.** The move-out date cannot be changed unless we and you both agree in writing. You will not move out before the lease term or renewal period ends unless all rent for the entire lease term or renewal period is paid in full. Early move-out may result in damages and/or termination fees. You may not apply any security deposit to rent. You will not stay beyond the date you are supposed to move out. All residents, guests, and occupants must vacate the apartment before the 30-day period for deposit refund begins. You must give us and the U.S. Postal Service, in writing, each resident's forwarding address.

**38. CLEANING.** You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you do not clean adequately, you will be liable for reasonable cleaning charges.

**39. MOVE-OUT INSPECTION.** You should meet with our representative for a move-out inspection. Our representative has no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final refunding or accounting.

**40. SECURITY DEPOSIT DEDUCTIONS AND OTHER CHARGES.** You will be liable for, and we may apply your deposit(s) toward, the following charges, if applicable: unpaid rent; unpaid utilities; unreimbursed service charges; repairs or damages beyond normal wear and tear caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes; replacement cost of our property that was in or attached to the apartment and is missing; replacing dead or missing smoke-detector batteries; utilities for repairs or cleaning; trips to let in company representatives to remove your telephone or TV cable services or rental items (if you so request or have moved out); trips to open the apartment when you or any guest or occupant is missing a key; unreturned keys; missing or burned-out light bulbs; removing or rekeying unauthorized security devices or alarm systems; agreed termination fees; removing or storing property under paragraph 13 (Property Left In Apartment); removing illegally parked vehicles; special trips for trash removal caused by parked vehicles blocking dumpsters; false security-alarm charges; animal-related charges under paragraph 6 (Rent and Charges) and 26 (Animals); government fees or fines against us for violation (by you, your occupants, or guests) of local ordinances relating to smoke detectors, false alarms, recycling, or other matters; late-payment and returned-check charges; a charge (not to exceed $100) for owner/manager's time and inconvenience in our lawful removal of an animal or in any valid eviction proceeding against you, plus attorney's fees, court costs, and filing fees actually paid; and other sums due under this Lease Contract.

You will be liable to us for: (1) charges for replacing all keys and access devices referenced in paragraph 5 (Keys and Furniture) if you fail to return them on or before your actual move-out date.

**41. DEPOSIT RETURN, SURRENDER, AND ABANDONMENT.** You are required to provide us written notice of your forwarding address, on or before termination of this Lease Contract. We will mail you, to the forwarding address you provide, your security deposit refund (less lawful deductions) and an itemized accounting of any deductions no later than 30 days after surrender or abandonment, unless statutes provide otherwise. If you fail to provide us with your forwarding address in writing, as required above, we will process the unclaimed security deposit in accordance with state law.

You have surrendered the apartment when: (1) the move-out date specified in your notice given in accordance with provisions of this Lease Contract has passed and no one is living in the apartment in our reasonable judgment; or (2) all apartment keys and access devices listed in paragraph 5 (Keys and Furniture) have been turned in to the location where rent is paid—whichever date occurs first. If you do not turn in your keys, we may file an eviction suit against you in order to take possession of the apartment. If this happens, you will be charged with the costs and attorneys fees from that suit.

You have abandoned the apartment when you have been absent from the premises for seven (7) consecutive days with rent owing. You will notify us in writing if you anticipate being absent in excess of seven (7) days, not later than the first day of such absence. Failure to give notice may result in our taking possession of the premises as abandoned as set out in the Act.

Surrender, abandonment, and judicial eviction end your right of possession for all purposes and gives us the immediate right to: clean up, make repairs in, and relet the apartment; determine any security deposit deductions; and remove property left in the apartment. Surrender, abandonment, and judicial eviction affect your rights to property left in the apartment (paragraph 13 - Property Left In Apartment), but do not affect our mitigation obligations (paragraph 31 - Default By Resident).

## Severability, Originals and Attachments, and Signatures

**42. SEVERABILITY.** If any provision of this Lease Contract is invalid or unenforceable under applicable law, such provision shall be ineffective to the extent of such invalidity or unenforceability only without invalidating or otherwise affecting the remainder of this Lease Contract. The court shall interpret the lease and provisions herein in a manner such as to uphold the valid portions of this Lease Contract while preserving the intent of the parties.

**43. ORIGINALS AND ATTACHMENTS.** This Lease Contract has been executed in multiple originals, with original signatures. We will provide you with a copy of the Lease Contract. Your copy of the Lease Contract may be in paper format, in an electronic format at your request, or sent via e-mail if we have communicated by e-mail about this Lease. Our rules and community policies, if any, will be attached to the Lease Contract and provided to you at signing. When an Inventory and Condition form is completed, you should retain a copy, and we should retain a copy. Any addenda or amendments you sign as a part of executing this Lease Contract are binding and hereby incorporated into and made part of the Lease Contract between you and us. This lease is the entire agreement between you and us. You acknowledge that you are NOT relying on any oral representations.

**44. DESIGNATION OF AGENT AND ALTERNATIVE ADDRESS.** You designate the following person to act on your behalf as your agent and attorney-in-fact if we are unable to locate you after diligent efforts or if you die or become incapacitated. In such a situation, this person shall have the power to move or dispose of your property, make decisions pertaining to this Lease Contract, receive funds and otherwise act in your place regarding this Lease Contract. Failure to designate a person for this purpose may result in your property being disposed of under procedures provided by law for abandonment or for disposition of the property of deceased persons. Such designation will survive death or incapacity to contract or communicate and create a durable power of attorney to act under this Lease Contract. Mailing to this address shall satisfy all requirements for notices under the Act.

Name: _Chris Carrillo_
Address: _5761 Pinon Flats_
City, State, Zip: _Albequerque NM 87614_
Telephone: _505-477-6636_
_Work - 505 910 0422_

© 2018, National Apartment Association, Inc. - 2/2018, New Mexico

| You are legally bound by this document. Read it carefully before signing. | Name, address and telephone number of the person authorized to manage the property and to receive notices and service of process for the owner is: |
|---|---|

**Resident or Residents** *(all sign below)*

*Margaret Carrillo*

_____

FSC Arroyo Villas LLC

_____

4701 Irving Blvd. NW

(505) 898-6719

**Name and address of locator service** *(if applicable)*

_____

_____

**Owner or Owner's Representative** *(signing on behalf of owner)*

*[signature]*

**Date form is filled out** *(same as on top of page 1)*

07/20/2018

SPECIAL PROVISIONS (CONTINUED FROM PAGE 2) *We provide Stove, Fridje dishwasher, Washer + Dryer*

PLAINTIFF
MARGARET M. CARRILLO

# EXHIBIT

# G

ANSWER TO PETITION OF
WRIT OF RESTITUTION
AND COUNTER SUIT

STATE OF NEW MEXICO
BERNALILLO COUNTY
METROPOLITAN COURT

FSC ARROYO VILLAS LLC d/b/a
ARROYO VILLAS APARTMENTS,
    *Plaintiff,*

        against                                              No: T4CV2019 -08703

MARGARET CARRILLO
AND ALL OTHER OCCUPANTS,
    *Defendant(s).*

### ANSWER TO PETITION FOR WRIT OF RESTITUTION
#### (Uniform Owner-Resident Relations Act)

1. Defendant is not in default because: Apartment Complex had agreed to part ways Cancel lease with @ Penalty dues After 30 day Notice given informed she owes $1600.00 for Breaking lease Early Advised at that Time verbally canceled.
2. The amount of rent that the Plaintiff states is owed is not current because: day notice PAID In full and Current on RENT Also Gave written Notice Cancelli 30 day Notice
3. The damages claimed by the Plaintiff in this action are not owed to the Plaintiff because: There are No Damages Arroyo Villas Failing to abide by lease Terms
4. The Defendant asserts the following counterclaim or set off against the Plaintiff: SEE Attached Paper
5. (check if applicable):

[ ] Defendant requests separate trials on the issues of restitution and damages.

_____
Signed

Margaret Carrillo
_____
Name

4701 Irving Blvd unit 405
_____
Address (print)

Albuquerque NM 87114
_____
City, State and Zip Code (print)

(505) 507-4153
_____
Telephone Number

Plaintiff Has Been Harrassing Defendent since she Moved in and Requested that a handicap parking be placed at her units parking spaces due to be disabled with Bone on Bone Arthritis in Both Knees, Severe COPD, Torn Rotator in Shoulder, and other medical issues Employee Joeann has threatened to have her evicted many Times and even filed a false report with Section 8 that was later retracted by Carolyn Sparks and Complex Manager Adryanna. Due to the Complaint Section 8 Terminated Her Award due to not being able to provide a document on time even though Arroyo Villa had retracted and Said No violation on part was done. WE had at that time agreed to Cancel lease with No penalty for remaining Time but Section 8 at the time Said Arroyo Villas Could Not Cancel lease without Grounds. Section 8 Notified Arroyo Villas that they were Canceling Defendents Award. Kim asked if I was going to Continue lease at full price or Cancel and give the 30 day Notice agreed upon with No fee's. ON MAY 28, 2019 they informed me that I would be responsible for last 2 months on lease $1600.00 for June and July, I informed them verbally if that was the Case I would fulfill My lease and retract 30 day Notice. I Paid Rent June 3, 2019 and delivered written retraction of 30 day Notice, Along with Rent of $807.00.

Page 1 of 2                    Continued ⟶

Seeking Damages for Harrassment which Caused loss of Section 8 Award Due to filing A report with Section 8 As A violation Then Retracting vilotion Report. Also Request Moving Damages be awarded for Not honoring their offer to release from lease by mutual Agreement with Zero dollar penalty, The Loss of section 8 which will Cause a severe financial hardship due to Tremendoes rise in Rent due to Award being Terminated.

Damages

June Rent  $807.⁰⁰  Paid Already by defendent

July Rent  $798.⁰⁰

Moving Costs  $1500.⁰⁰

Loss of section 8 = $6,895.⁰⁰

Total  $10,000.⁰⁰

Plantiff

MARGARET M. CARRILLO

# EXHIBIT

# H

NOTICE OF TRIAL
AND JUDGEMENT
JULY 02, 2019
AND JULY 22, 2019

STATE OF NEW MEXICO
BERNALILLO COUNTY
METROPOLITAN COURT

FSC ARROYO VILLAS LLC d/b/a
ARROYO VILLAS APARTMENTS,
     *Plaintiff,*

**T4CV 2 0 1 9 – 0 8 7 0 3**

No: _____

    against

MARGARET CARRILLO
AND ALL OTHER OCCUPANTS,
    *Defendant(s).*

### SUMMONS AND NOTICE OF TRIAL
#### ON PETITION FOR WRIT OF RESTITUTION
(Uniform Owner-Resident Relations Act)

**To:  MARGARET CARRILLO**
     **4701 Irving Blvd. NW, Unit 405**
     **Albuquerque, NM 87114**

*Rosemarie Allred*
*Division XVII*

GREETINGS:

    YOU ARE ORDERED to appear for trial before the Honorable_____, Div. _____, located at **401 Lomas NW, Albuquerque, New Mexico** on the _____day of **JUL 0 2 2019**0___, at _____.A.M./P.M. and then and there to show cause and present all evidence, which you may have, why the Plaintiff's petition for a Writ of Restitution for the property located at **4701 Irving Blvd. NW, Unit 405, Albuquerque, NM 87114,** should not be granted and why Plaintiff should not have judgment against you for any back rents or damages caused by you to the property, in accordance with the Petition filed by Plaintiff in this action, a copy of which is attached.

    Your failure to appear at the time and place specified above may result in the entry of judgment against you in accordance with the Petition filed by Plaintiff in this action, a copy of which is attached.

    You may file a written answer and assert any claims you may have prior to trial. The name and address of the Plaintiff's attorney is Vance, Chavez & Associates, LLC, Claud Eugene Vance, 500 4th Street NW, Suite 405, Albuquerque, NM 87102.

    IF YOU WANT A TAPE RECORDING OF ANY PROCEEDING, YOU MUST REQUEST IT PRIOR TO THE BEGINNING OF THE PROCEEDING. IF YOU DO NOT ASK FOR A TAPE RECORDING, YOU WILL NOT HAVE A RECORD OF THE PROCEEDINGS TO TAKE TO THE DISTRICT COURT FOR ANY APPEAL.

Dated: **JUN 1 4 2019**

*Rosemarie Allred*
*Division XVII*

Judge _____

By _____
    Clerk of the Metropolitan Court

**THIS IS YOUR NOTICE OF TRIAL**
and will be the only
Notice that you will receive

ENDORSED
FILED IN THIS OFFICE

JUN **1 4** 2019

METROPOLITAN COURT

STATE OF NEW MEXICO
BERNALILLO COUNTY
METROPOLITAN COURT

FSC ARROYO VILLAS LLC d/b/a
ARROYO VILLAS APARTMENTS,
    *Plaintiff,*

        against

MARGARET CARRILLO
AND ALL OTHER OCCUPANTS,
    *Defendant(s).*

T4CV **2 0 1 9 - 0 8 7 0 3**

No: _____

## PETITION BY OWNER FOR RESTITUTION
(Uniform Owner-Resident Relations Act)

1. Plaintiff is lawfully entitled to possession of the premises located at **4701 Irving Blvd. NW, Unit 405, Albuquerque, NM 87114.**

2. Defendant entered into possession of said premises under the attached rental agreement providing for payment of **$798.00 rent** per **month**. Defendant is holding over despite having delivered a **Thirty Day Notice** to vacate, a copy of which is attached hereto.

3. Defendant delivered to Plaintiff the attached written notice of termination on **May 3, 2019,** but Defendant has failed to vacate.

4. Defendant is indebted to Plaintiff for **$26.60 per day** in rent accruing to date of restitution, plus rent for **June 2019,** plus any damage to the premises.

5. Plaintiff holds **$99.00** of Defendant as a damage **deposit** under the rental agreement.

6. Plaintiff requests **separate trials** on the issues of restitution and damages and requests judgment against Defendant, awarding as follows:

    1) Immediate possession of the premises described above;
    2) Rent and other charges as set out above;
    3) Damages in an amount to be determined by the Court;
    4) Costs and reasonable attorney fees in this action; and
    5) Such other relief as the court may deem reasonable.

**VANCE, CHAVEZ & ASSOCIATES, LLC**

Dated: June 13, 2019

Original signed by:

By: Claud Eugene Vance
    Claud Eugene Vance, CAID 83055
    Attorneys for Plaintiff
    500 4th Street NW, Suite 405
    Albuquerque, New Mexico 87102
    (505) 247-1111

05/03/2019

Margaret Carrillo

4701 Irving Blvd NW

Albuquerque, NM 87114

Re: 30 Day Notice to Vacate Apartment

To Whom it may concern:

This letter is intended to give Arroyo Villas Apartments a 30-Day notice of Termination of Lease for the apartment I now reside at. If you need to contact me for any reason feel free to call me at 505.507.4153 or email me at mcar609@yahoo.com.

Thank You,

Margaret Carrillo



6/27/2019

To: Arroyo Villas Apartments Office
4701 Irving Blvd N.W.
Albuquerque, N.M. 87114

Fr. Margaret Carrillo
4701 Irving Blvd N.W
#405
Albuquerque, N.M. 87114

RE: Cancelation of 30 Day Notice
(Written) *Note Verbal Cancelation Given
In May 2019 — *
Per our Telephone Conversation on
May 28, 2019, I Canceled my 30 Day
Notice when office staff told me that
If I broke my lease, I would owe
Fees according to my lease agreement.
Therefore, I chose to cancel my 30
Day Notice before the 30 days were
up. I then paid my rent for June
On time in the amount of $807.00
Which was more than the amount per
Our lease agreement. If You want to
Terminate our lease agreement, please
Remit in writing with a cashiers
Check for fees You will owe me.
Thank You
Margaret Carrillo

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
IN THE METROPOLITAN COURT

FSC ARROYO VILLAS LLC
DOING BUSINESS AS ARROYO VILLAS APARTMENTS
                    Plaintiff,

v.                                                    Case No. T-4-CV-2019-008703

MARGARET CARRILLO                              ,
                    Defendant.

<table>
<tr><td><strong>ENDORSED</strong></td></tr>
<tr><td><strong>FILED IN THIS OFFICE</strong></td></tr>
<tr><td>TUESDAY, JULY 02, 2019</td></tr>
<tr><td>9:19 AM</td></tr>
</table>

## JUDGMENT FOR RESTITUTION
### (Uniform Owner-Resident Relations Act)[1]

THIS MATTER was set for trial on July 02, 2019. The Plaintiff FSC Arroyo Villas LLC appeared by representative   and the Defendant Margaret Carrillo appeared in person.     Having heard the evidence and argument presented, the Court finds in favor of the Plaintiff.

IT IS THEREFORE ORDERED:

1.       The premises located in Bernalillo County, New Mexico at 4701 Irving Blvd NW Unit 405  Albuquerque, NM 87114 shall be restored to the Plaintiff.

2.       The rental agreement is terminated.  The parties shall notify the Court of any change of address.

3.       Plaintiff shall recover from Defendant the following amounts:

| | | |
|---|---|---|
| Rents Past Due | $798.00 | |
| Rents Prorated This Month | $239.40* | * 798.00 Base |
| Late Fees | $.00 | Rental |
| Utilities | $.00 | |
| Concession Fee | $.00 | 9 days this month |
| Termination Fee | $.00 | |
| Other | $.00 | |
| Attorney's Fees | $200.00 | |
| Costs | $115.00 | |
| Damages[2] | $.00 | |
| LESS: Payments | $.00 | |
| LESS: Abatement | $.00 | |
| LESS: Deposit | $.00 | |
| **TOTAL AMOUNT DUE** | **$1,352.40[2]** | |

The judgment shall bear interest at a rate of 8.75% per annum.

4.       **A Writ of Restitution shall be issued 07/10/2019. The Party entitled to a Writ must request from Court Clerk within 20 days.  The Writ shall order the removal of the Defendant and all other occupants.[3]**

5.       A hearing on the issue of damages will be held by this Court only upon request.

6.       If this case is appealed, the Defendant  shall follow the provisions of NMSA 1978, § 47-8-47[4] in order to stay the execution of the Writ of Restitution and/or money judgment.

7.       The Court Orders nothing further.

DATE: July 02, 2019

_____
Rosie Lazcano Allred
Metropolitan Court Judge

I certify that I mailed  a copy of the foregoing Judgment to the Defendant and hand-delivered  a copy to the Plaintiff on  7/2/2019
Civil Courtroom Clerk  Rmontoya

USE NOTE

1.  This form may also be used for a mobile home park with less than 12 units. *See* Subsection C of Section 47-10-2 NMSA 1978.

*Rule 4-909 NMRA (as amended, eff. 9/2/97; 1/1/99)[as amended by Supreme Court Order No. 16-8300-033, effective for all cases pending or filed on or after December 31, 2016.] (as modified by the Metropolitan Court)*
*CV-09 Judgment for Restitution (Uniform Owner-Resident Relations Act) (Rev. 2/08; 4/11; 12/16)*

ENDORSED
OF LODIN THIS OFFICE

STATE OF NEW MEXICO
METROPOLITAN COURT
BERNALILLO COUNTY

MAR  1 2019

FSC Arroyo Villas LLC            , Plaintiff

METROPOLITAN COURT

v.

Margaret Carrillo(s)

T4CV 2 0 1 9 – 0 3 4 4 7

## PETITION BY OWNER FOR RESTITUTION
### (Uniform Owner-Resident Relations Act)

The plaintiff alleges:

1.  Plaintiff is lawfully entitled to possession of the premises located at:
     4701 Irving Blvd. NW, #405
     Albuquerque, NM    87114

2.    Defendant entered into possession of the premises under a rental agreement and has breached the terms of the agreement, as follows:
     ***Three-Day Notice of Substantial Violation of Lease Contract (Harboring a fugitive wanted by Federal Marshals – Child Sex Offender)***
A copy of the rental agreement is attached as Exhibit A.

3.  Plaintiff gave written notice of:
     [ ]   termination
     [X]   breach of the rental agreement
     To defendant on **February 12th, 2019** and defendant has failed to remedy the breach.    A copy of this written notice is attached as Exhibit B.

4.    Defendant is indebted to plaintiff in the sum of $----- unpaid rent, plus $--- per day to date of restitution, plus damages as determined by the court.

5.  Plaintiff holds **$300.00** of defendant as damage deposit under the rental agreement.

6.  Plaintiff requests separate trials on the issues of restitution and damages.

Plaintiff requests judgment against defendant, as follows:
     1.   Immediate possession of the premises;
     2.   Unpaid rent of $---- plus $----- per day to date of restitution
     3.   Late fee equal to $-----
     4.   Legal fees equal to $107.36
     5.   Water/sewer charges to be determined and Trash, other charges equal to $
     6.   Pet, storage, and carport charges $
     7.   NSF Fee $
     8.   Online payment fee $
     9.   Termination fee equal to two month's rent of **$1856.00**
     10. Repayment of applicable concessions of
     11. Damages as may be determined by the court;
     12. Costs of this action;
     13. Reasonable attorney's fees; (check only if applicable)   X
     14. Civil penalty as provided by law;
     15. Such other relief as the court may deem reasonable.  _

Dated:   2/28/2019

Signed _____
Name print)_____ Kim Garcia ___
Address (print)_____ 4701 Irving Blvd. NW ___
City, State and zip code (print)___ Albuquerque, NM    87114 _
Telephone number    _____ (505) 898-6719 ___

1. If the leased premise is an apartment set forth the name of the apartments and the apartment number.
CV-014 (REV. 2/2001)

*REVISED*



# THREE-DAY NOTICE OF
# NON-PAYMENT OF RENT
*(Uniform Owner-Resident Relations Act)*

To: **Margaret Carrillo** _____ , and all other occupants

Address: **4701 Irving Blvd. NW** _____ Unit: _____ **405**

_____

**Albuquerque** _____ , New Mexico _____ **87114**

You are notified that you are in noncompliance with the Lease Contract or separate agreement concerning the premises at:
**FSC Arroyo Villas LLC** _____

**4701 Irving Blvd. NW** _____ Unit: _____ **405**

_____

**Albuquerque** _____ , New Mexico _____ **87114**

by failure to pay rent as follows:   $ _____ **792.00**   *June 2019*
                        $ _____ **798.00**   *July 2019*
                        $ _____ **35.00**   *Stop payment put on ck# 2045*
Late Fee:   $ _____ **79.80**   *Late Fee - July 2019*
Total Due:   $ _____ **1704.80**

If the total due is not paid within three (3) days from the date of delivery set out below, the Lease Contract shall be terminated. Failure to pay the total due, in the manner stated below, will result in a legal action against you.

Payment will be accepted only by:

☐ Cash     ☒ Money Order     ☒ Cashiers or Certified Check     ☐ Personal Check

Dated this **10th** day of _____ **July** _____ , **2019**

By: **Kim Garcia** _____
☐ Owner
☒ As Agent for **FSC Arroyo Villas LLC** _____

_____

_____

_____

Service of Notice:   ☐ Personally delivered to Resident   ☐ Posted   ☒ Posted **and** Mailed   ☐ Mailed

Delivered or Posted: _____   Mailed: ☐ First Class Mail   ☐ Certified Mail

Time: **2:45PM** _____   Mailed From: **Arroyo Villas Leasing Office**

Date: _____ **July 10th** _____ , **2019**   Date: _____ **July 10th** _____ , **2019**

By: **Kim Garcia** _____   By: **Kim Garia** _____
*(person delivering or posting notice)*     *(person mailing notice)*

*SERVICE INSTRUCTIONS: Mailing is not required if personal delivery is accomplished or if notice is posted. If mailed, posting is not required, but recommended in addition to mailing. A posted notice must be affixed to a door by taping all sides or placed in a fixture or receptacle designed for notices. The location of the mail box from which notice is mailed is also recommended information.*

*INSTRUCTIONS TO PARTY GIVING NOTICE: 1. Include the names of all residents who signed the Lease Contract. 2. The party giving notice should retain two (2) copies for possible court action. 3. If the premises is an apartment, include the name of the apartments and the apartment number.*

© Copyright 2001, Apartment Association of New Mexico, Inc.        AANM FORM NO. 303 (0799)

VAWA – 2nd page of Three Day Notice of Non-Payment of Rent – M. Carrillo - #405 – 7/10/2019

*If the lease violations(s) detailed herein is/are the result of domestic violence, dating violence, sexual assault or stalking, we want to ensure that you understand your protection under the Violence Against Women Act (VAWA). VAWA protections are not only available to women, but are available equally regardless of sex, gender identity, or sexual orientation. HUD's Notice of Occupancy Rights under VAWA (form HUD-15380) and HUD' Certification of Domestic Violence, Dating Violence, Sexual Assault or Stalking and Alternate Documentation (form HUD-5382) are attached to this notice. If this is applicable to you and you wish to exercise your rights under VAWA, you may do so by completing and submitting the Certification for (or other form of Alternate Documentation as specified in the Notice and Certification for) so it is received in the management office no later than 14 business days from the date of your receipt of this notice.*

*In addition, a copy of the Notice of Occupancy Rights under the Violence Against Women Act is to be attached to the above referenced 3 Day notice.*

*SERVICE INSTRUCTIONS: Mailing is not required if personal delivery is accomplished or if the notice is posted. If mailed, posting is not required, but recommended in addition to mailing. A posted notice must be affixed to a door by taping all sides or placed in a fixture or receptacle designed for notices. The location of the mail box from which notice is mailed is also recommended information.*

*INSTRUCTIONS TO PARTY GIVING NOTICE: 1. Include the names of all residents who signed the Lease Contract. 2. The party giving notice should retain two (2) copies for possible court action. 3. If the premises is an apartment, include the name of the apartments and the apartment number.*

**All Payments will be accepted in CERTIFIED FUNDES ONLY!**

797-6066

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
IN THE METROPOLITAN COURT

FSC Arroyo Villas LLC
     Plaintiff,

v.                                                          Case No. T-4-CV-2019-003447

Margaret Carrillo
     Defendant.

## SUMMONS AND NOTICE OF TRIAL
## ON PETITION FOR WRIT OF RESTITUTION
### (Uniform Owner-Resident Relations Act)

To:      Margaret Carrillo, Defendant
Address:   4701 Irving Blvd NW #405
          Albuquerque NM  87114

**GREETINGS:**

You are ordered to appear for trial before Honorable Frank A. Sedillo, Judge, located at:
**401 Lomas Blvd NW Albuquerque, NM 87102**
on
**Friday, March 22, 2019 at the hour of 8:30 AM in Courtroom 940**
to show cause and present all evidence you may have why the Plaintiff's Petition for a Writ of Restitution for the property located at **4701 Irving Blvd NW #405  Albuquerque NM  87114** should not be granted and why the Plaintiff should not have judgment against you for any back rents or damages you caused to the property, in accordance with the petition filed by the Plaintiff in this action, a copy of which is attached.

**YOUR FAILURE TO APPEAR AT THE TIME AND PLACE SPECIFIED ABOVE MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST YOU IN ACCORDANCE WITH THE PETITION FILED BY THE PLAINTIFF IN THIS ACTION, A COPY OF WHICH IS ATTACHED.**

You may file a written answer and assert any claims you may have prior to the trial.

**IF YOU WANT A RECORDING OF ANY PROCEEDING, YOU MUST REQUEST IT BEFORE THE BEGINNING OF THE PROCEEDING.  IF YOU DO NOT ASK FOR A RECORDING, YOU WILL NOT HAVE A RECORD OF THE PROCEEDINGS TO TAKE TO THE DISTRICT COURT FOR ANY APPEAL.**

Dated: 3/1/2019

                                Frank A. Sedillo
**THIS IS YOUR NOTICE OF TRIAL**        Metropolitan Court Judge
**and will be the only notice that you will receive.**

                                  BY:  CLERK OF THE METROPOLITAN COURT

MLucero

Pursuant to the American with Disabilities Act, the Court will make reasonable accommodation. Should an accommodation be needed, please call 841-8151 prior to your appearance.

*Rule 4-907 NMRA: as amended. effective 8/1/92; 1/1/93: 9/2/97*
*CV-111 Answer to Petition for Restitution (Rev. 02/08)*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
IN THE METROPOLITAN COURT

FSC ARROYO VILLAS LLC
v.                                    Plaintiff,              Case No. T-4-CV-2019-008703
MARGARET CARRILLO
                                      Defendant.

TO:     MARGARET CARRILLO
        4701 IRVING BLVD NW UNIT 405
        ALBUQUERQUE NM  87114

## NOTICE OF HEARING

The Honorable **Judge Rosie Lazcano Allred** will hear the above-cause in the Bernalillo County Metropolitan  Court located at 401 Lomas NW, Albuquerque, New Mexico 87102 on the **9th Floor** in **Courtroom 900** on:

**Monday,July 22, 2019** at **10:00 AM.**
10 min allotted for Motion to set Aside Defendant may appear telephonically only for this hearing please call 505-841-9862 on date and time of hearing

**THE FAILURE OF ANY PARTY TO APPEAR AT THE TIME AND PLACE SPECIFIED ABOVE WILL BE GROUNDS FOR ENTERING A DEFAULT JUDGMENT OR ORDER AGAINST THAT PARTY.**

This Notice was served on 7/10/2019 on the parties or their attorneys, if any, listed below:

_____
Metropolitan Court Judge or Designee
*CPhelps*, Trial Court Administrative
Assistant

**Plaintiff(s)**                    **Plaintiff(s) Attorney**                    **Garnishee**
FSC Arroyo Villas LLC               Claud Eugene Vance
                                    Vance, Chavez & Associates
                                    500 Fourth Street, N.W., Suite 405
                                    Albuquerque, NM  87102
                                    000-000-0000 (HOME)
                                    505-247-1111 (WORK)

**Defendant(s)**                    **Defendant(s) Attorney**
Margaret Carrillo
4701 Irving Blvd NW Unit 405
Albuquerque, NM  87114

---

**Parking is available across from the Courthouse and can be entered from 5th Street on the first right after Slate Street.**
**Pursuant to the Americans with Disabilities Act, the Court will make reasonable accommodations.**
**If you require an accommodation, or if you need language assistance services, please call 841-8151 immediately.**

---

ENDORSED
FILED IN THIS OFFICE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
IN THE METROPOLITAN COURT

JUL 1 0 2019

METROPOLITAN COURT

FSC ARROYO VILLAS LLC     DOING BUSINESS AS ARROYO VILLAS
APARTMENTS

         Plaintiff,

v.                                            Case No. T-4-CV-2019-008703

MARGARET CARRILLO

         Defendant.

## ORDER

THIS MATTER having come before the Court, it is therefore ordered: that the Defendant must follow all Rules and Statutes for purposes of an Appeal.

_____
Rosie Lazcano Allred
Metropolitan Court Judge

ʼd-delivered
ʼing Order to Plaintiff

ʼe Assistant

*;3/17)*

PLAINTIFF
MARGARET M. CARRILLO

# EXHIBIT

# I

NOTICES BY
COUNTY OF BERNALILLO
STATE OF NEW MEXICO
HOUSING DEPARTMENT



# *County of Bernalillo*

### *State of New Mexico*
### *Housing Department*
1900 Bridge Blvd. SW
Albuquerque, New Mexico 87105
Office: (505) 314-0200 Fax: (505) 462-9737
www.bernco.gov



**EQUAL HOUSING
OPPORTUNITY**

February 13, 2019

Margaret M Carrillo
4701 Irving Blvd NW #0405
Albuquerque, NM  87114

**RE: Proposed Termination of Assistance**

Dear Ms. Carrillo:

Due to the documentation Bernalillo County Housing obtained, it appears that you are in violation of the Section 8 Housing Assistance Program. This letter is to inform you that your Section 8 Housing Assistance is under proposed termination status for the Following program violation(s) as stated in the CFR (Code of Federal Regulations): 982.551

1.  **"The family must not commit any serious or repeated violation of the lease."**
2.  **"Unauthorized persons residing in the unit"**

If you disagree with this proposed termination action, you have the right to request an informal hearing. You must submit your request in writing and deliver it to Bernalillo County Housing Department either in person or by first class mail, by the close of the business day, no later than 10 business days, on or before **February 27, 2019**.

BCHD must schedule and send written notice of the informal hearing to the family within 10 business days of the family's request.

You may also ask for a copy of the informal hearing procedure of the Bernalillo County Housing Department and you have the right to request an opportunity to review any documents directly related to the informal hearing.

If you fail to show up for the scheduled hearing or do not request an informal hearing, you will be terminated from housing.

Sincerely,

**Leonette Archuleta**
Section 8 Housing Specialist
Cc: Roberta Garcia

---

**COMMISSIONERS**
*Maggie Hart Stebbins, Chair, District 3      Debbie O'Malley, Vice Chair, District 1*
*Steven Michael Quezada, Member, District 2      Lonnie C. Talbert, Member, District 4      Charlene E. Pyskoty, Member, District 5*

**ELECTED OFFICIALS**
*Tanya R. Giddings, Assessor      Linda Stover, Clerk      Cristy J. Carbón-Gaul, Probate Judge      Manuel Gonzales III, Sheriff      Nancy M. Bearce, Treasurer*

**COUNTY MANAGER**
*Julie Morgas Baca*



# *County of Bernalillo*
### *State of New Mexico*
### *Housing Department*
1900 Bridge Blvd. SW
Albuquerque, New Mexico 87105
Office: (505) 314-0200 Fax: (505) 462-9737
www.bernco.gov



EQUAL HOUSING
OPPORTUNITY

March 19, 2019

Margaret M. Carrillo
4701 Irving Blvd NW #0405
Albuquerque, NM 87114

## RE:  CONTINUANCE FOR INFORMAL HEARING

Dear Ms. Carrillo,

You are scheduled for a continuance hearting that will be held at the following location, date, and time:

Bernalillo County Housing Department
1900 Bridge Blvd SW
Albuquerque, NM 87105

Date:  **Tuesday, March 26, 2019 at 1:30 PM**

If you would like information on the hearing process and procedures, you can find the Section 8 Administrative Plan (Housing Guideline, Rules and Regulation) on www.bernco.gov by navigating to the Housing webpage under 'A-Z SERVICES'. You have the right to request documents directly related to the informal hearing at your own cost by submitting an IPRA request at www.bernco.gov.

Please be on time for your hearing. If you are late, your termination *will* be upheld. Please contact Cheryl Delgarito at (505) 314-0215 for questions regarding your hearing date and time *ONLY*.

Sincerely,

## Marilyn Ayala
Marilyn Ayala
Hearing Officer

Cc:  Client's File

---

### COMMISSIONERS
*Maggie Hart Stebbins, Chair, District 3     Debbie O'Malley, Vice Chair, District 1*
*Steven Michael Quezada, Member, District 2     Lonnie C. Talbert, Member, District 4     Charlene E. Pyskoty, Member, District 5*

### ELECTED OFFICIALS
*Tanya R. Giddings, Assessor     Linda Stover, Clerk     Cristy J. Carbón-Gaul, Probate Judge     Manuel Gonzales III, Sheriff     Nancy M. Bearce, Treasurer*

### COUNTY MANAGER
*Julie Morgas Baca*



**County of Bernalillo**
State of New Mexico
Housing Department
1900 Bridge Blvd. SW.
Albuquerque, NM 87105
Office: (505)314-0200
Fax: (505)462-9737
www.bernco.gov

02/18/2019

From: Margaret M. Carrillo
       4701 Irving Blvd. NW #0405
       Albuquerque, NM 87114
       505.507.4153 mcar609@yahoo.com

To: Leonette Archuleta

I am writing regarding the notice I received that Bernalillo County Housing Department is proposing termination of my Section 8 benefits voucher. I dispute this proposed termination and formally request an informal hearing before a qualified, unbiased decision maker.

I also want to request that BCHD provide me with all the documentation and evidence that will be used against me in the hearing. I understand that I must request this at least three (3) days in advance, and that BCHD has the right to request all my information and evidence at least three (3) days in advance. I understand that no evidence can be used against me in the hearing that has not been provided to me at least three (3) days in advance.

I also want to request that this hearing be tape recorded, and that a copy of this recording be provided to me.

I am currently seeking legal counsel to represent me at this hearing. I understand that I can reschedule this hearing once if I provide at least 24 hours' notice.

Please provide me information on the hearing date, location and the name of the hearing officer as soon as possible.

Respectfully,

_____

Margaret M. Carrillo

PLAINTIFF

MARGARET   M.   CARRILLO

# EXHIBIT

# J

CANCELLATION OF 30
DAY NOTICE
6/27/2019

6/27/2019

To: Arroyo Villas Apartments Office
4701 Irving Blvd N.W.
Albuquerque, N.M. 87114

Fr. Margaret Carrillo
4701 Irving Blvd N.W
#405
Albuquerque, N.M. 87114

RE: Cancelation of 30 Day Notice
(Written) * Note Verbal Cancelation Given
in May 2019 — *
Per our Telephone Conversation on
May 28, 2019, I Canceled my 30 Day
Notice when Office Staff Told me that
if I Broke my Lease, I would owe
Fees According to my Lease Agreement.
Therefore, I Chose to Cancel my 30
Day Notice Before the 30 Days were
up. I Then Paid my Rent for June
on Time in the Amount of $807.00
which was more than the Amount Per
our Lease Agreement. If You want To
Terminate our Lease Agreement, Please
Remit in Writing with a Cashiers
Check for Fees You will owe me.

Thank You

Margaret Carrillo ▶ Margaret M. Carrillo